[No 2327. Decided November 24, 1896.]

JAMES LUCE, *Respondent,* v. LELLA B. LUCE, *Appellant.*

APPEAL — MOTION TO DISMISS — DIVORCE — RESIDENCE OF PLAINTIFF — ABUSIVE TREATMENT.

A motion to dismiss an appeal, which is not set out in respondent's brief, will not be considered, when it raises no jurisdictional question.

In an action for divorce plaintiff must affirmatively plead, and satisfactorily prove, prior residence in the state for the period of a year or more.

The fact that plaintiff left his home in the East and came to the state of Washington in search of a location, afterwards going to the state of California in pursuit of the same object, and then returning

to the state of Washington, where he settled and went into business, is not sufficient to establish his residence here before his return from California, in the absence of proof of any intention to make a definite location in this state prior to his actual settlement.

Plaintiff is not entitled to a divorce upon the ground of abuse, when the only evidence to support the action is proof, in the most general terms, of abusive language on the part of defendant, and plaintiff's own testimony shows that he was alike culpable.

Appeal from Superior Court, Snohomish County.— Hon. JOHN C. DENNEY, Judge.   Reversed.

*Coleman & Fogarty*, for appellant.

*George E. Banks*, for respondent.

The opinion of the court was delivered by

HOYT, C. J.— Respondent has filed a motion to dismiss the appeal, but it raises no jurisdictional question and was not set out in his brief; it must, therefore, be denied.

The action was brought to obtain a divorce. It was tried upon an amended complaint in which the only allegation as to the residence of the plaintiff in the state was "that for one year last past and more, immediately preceding the filing of his amended complaint herein, he has been a resident of the state of Washington, and now is an actual resident of the county of Snohomish, and has been for more than eight months last past."

Defendant's first contention is that, since it does not appear from this allegation that plaintiff had been a resident of the state for one year or more before the commencement of the suit, the complaint did not state a cause of action in that it failed to show jurisdiction over the subject matter. That the complaint in an action for divorce should show affirmatively that the plaintiff has been a resident of the state for

more than a year before the action was commenced is undoubtedly true, and if nothing further had appeared in the pleadings, taken as a whole, than the allegation above referred to, the contention of the appellant would have to be sustained. But the original complaint filed in the action contained a sufficient allegation as to the residence of the plaintiff; and in view of that fact we should not be disposed to reverse the decree by reason of the insufficiency of the allegation upon that subject in the amended complaint, if from the proof it satisfactorily appeared that in fact the plaintiff had been and was a resident as alleged in the original complaint. We have, therefore, examined the proof upon that subject. This examination not only fails to satisfy us as to the truth of the allegation contained in the original complaint, but, on the contrary, has compelled us to come to the conclusion that the allegation in the amended complaint was as favorable to the plaintiff as the facts would warrant, and that that in the original complaint was not true.

The action was commenced in January, 1895, and plaintiff's own testimony failed to show that he became a resident of the state before June, 1894. More than that, the evidence given by him affirmatively showed that he was not a resident of the state of Washington until about June, 1894. He testified that he left the east for the purpose of finding a new location in which to do business; that he came to the state of Washington in January or February, 1894, and stopped at the cities of Seattle and Tacoma; that thereafter he went to the state of California in further pursuit of the object which induced him to leave the east; that he returned to the state of Washington and went into business in the city of Everett about the month of June,

1894. This testimony satisfies us that he was not a resident of the state of Washington until his return thereto from the state of California, when he located in business at the city of Everett. It might be inferred from this testimony that plaintiff lost his residence in the east when he left there, but even this does not clearly appear. And there is nothing therein which tends to show that he had any intention as to any definite location until he reached Everett upon his return from California. This being so, the plaintiff failed to prove a fact necessary to entitle him to any relief.

We have, however, looked further into the testimony and are satisfied that it was not sufficient to warrant the court in granting a divorce, even if the jurisdictional fact as to residence had sufficiently appeared. No abuse by the defendant was shown except in the use of abusive language, and this was only testified to by the plaintiff and his sons in the most general terms; and the testimony of the plaintiff himself showed that he had not had more regard for the feelings of the defendant than she had for his.

The decree will be reversed and the cause remanded with instructions to dismiss the action.

SCOTT and ANDERS, JJ., concur.

DUNBAR, J., concurs in the result.

GORDON, J. (*concurring*).—I concur in the result, but not upon the grounds stated in the opinion of the majority. The appellant (defendant below) *demurred* to the *amended* complaint upon the ground that the court had no jurisdiction of the subject matter of the action, and upon the further ground that it did not state facts sufficient to constitute a cause of action. This *demurrer* was overruled and exception reserved. I con-

cur in the view of the majority that "the complaint in an action for divorce should show affirmatively that the plaintiff has been a resident of the state for more than one year before the action is commenced," and am, therefore, of the opinion that the demurrer should have been sustained.

The decision of the lower court upon the demurrer could not have been predicated upon proofs which had not then been taken. The only question involved was the sufficiency of the amended complaint, and it seems to me novel doctrine to hold that in determining a question of that character resort may be had to an original pleading, or to the evidence subsequently admitted upon the trial. Sec. 222, Code Proc. (2 Hill's Code), provides that when any pleading is amended before trial it shall be done by filing a new pleading, and "such amended pleading shall be complete in itself, without reference to the original or any preceding amended one;" and this I understand to be the general rule in code states. Upon its face the complaint was demurrable, and, a demurrer having been seasonably interposed, it should have been sustained. Not sustaining it was reversible error, which was not waived by any subsequent proceedings upon the part of the appellant.