# 310 VAN ALSTINE v. VAN ALSTINE.

[No. 3419. Decided November 24, 1900.]

LOU VAN ALSTINE *et al., Appellants,* v. CON VAN AL-STINE, *Respondent.*

**DIVORCE—JURISDICTION—RESIDENCE OF PARTIES.**

Under the statutory provisions governing divorce, the superior court has no jurisdiction when it appears that neither the plaintiff nor cross-complainant have been residents of the state for a year preceding the filing of the petition for divorce; nor would allegations in plaintiff's complaint and affidavit setting forth domicile here for the necessary length of time, when the facts are otherwise, be sufficient to warrant the court in entertaining jurisdiction of defendant's cross-complaint for annulment of the marriage.

Appeal from Superior Court, King County.— Hon. WILLIAM HICKMAN MOORE, Judge. Reversed.

*John F. Dore* and *Charles E. Shepard,* for appellants.

*Richard Winsor* and *Ballinger, Ronald & Battle,* for respondent.

The opinion of the court was delivered by

REAVIS, J.—Plaintiff commenced an action in the superior court of King county, for divorce from defendant Con Van Alstine. The alleged ground for divorce was cruelty. The husband appeared and answered, denying the allegations of the complaint and filing his cross-complaint, praying for an annulment of the marriage for fraud in the contract thereof. Appellants Norton, Winstock, and Noyes were made parties to the action by order of the court, on the application of the defendant, upon allegations in the cross-complaint that such defendants had conspired with the plaintiff to procure the alleged fraudulent marriage between plaintiff and defendant for the purpose of defrauding the husband and obtain-

ing from him large sums of money.  After issue joined in
the action, a motion for suit money and alimony was
made by the plaintiff, and a number of affidavits were
filed by the respective parties upon the hearing of the
motion, and also oral testimony was heard by the court.
The motion does not appear to have been finally deter-
mined.  The complaint was withdrawn, and, before the
trial came on, plaintiff's counsel moved the dismissal of
the action on the ground that the withdrawal of her com-
plaint carried with it the dismissal of the cross-complaint.
The court overruled the motion to dismiss and proceeded
with the trial.  Counsel for plaintiff refused to further
appear in the action, and the court directed the prosecut-
ing attorney to appear as in an undefended action for
divorce or annulment of marriage.  The marriage was
adjudged fraudulent and decreed void, and relief was
given the cross-complainant (defendant) against the
other defendants and plaintiff, in the nature of a money
judgment for large sums of money fraudulently received
by the plaintiff from the cross-complainant.  Plaintiff
and defendants Norton and Winstock have appealed.
Noyes did not appear.

Many exceptions are taken by the appellants and
assignments of error made thereon, and the record brought
here is an extensive one.  After a careful examination,
it is concluded that the objection to the jurisdiction of
the superior court to try the action is determinative of
the case.  The superior court found that plaintiff was a
resident of the state for one year immediately prior to the
commencement of the action.  To this finding of fact
exception was duly taken.  The jurisdiction to entertain
a suit for divorce and for annulment of marriage is
founded upon residence in the state.  The statute (§ 5718,
Bal. Code) is as follows:

"Any person who has been a resident of the state for one year may file his or her complaint for a divorce or decree of nullity of marriage, under oath, in the superior court of the county where he or she may reside, and like proceedings shall be had thereon as in civil cases."

Section 5720, Id., provides:

"The defendant may, in addition to his or her answer, file a cross-complaint for divorce, and the court may, in such case, grant a divorce, if any, in favor of either party, or as on application of both."

It was adjudged in *Luce v. Luce,* 15 Wash. 608 (47 Pac. 21), that in an action for divorce plaintiff must affirmatively plead and satisfactorily prove prior residence in the state for the period of one year or more; and § 5730, Bal. Code, requires:

"In all instances where the superior court shall grant a divorce, it shall be for cause distinctly stated in the complaint, and proved, and found by the court, and the court shall state the facts found upon which the decree is rendered."

Section 5719 declares:

"When the defendant does not answer, or, answering, admits the allegations in the complaint, the court shall require proof before granting a divorce or a decree of nullity."

In *Luce v. Luce, supra,* it was said:

"He [plaintiff] testified that he left the east for the purpose of finding a new location in which to do business; that he came to the state of Washington in January or February, 1894, and stopped at the cities of Seattle and Tacoma; that thereafter he went to the state of California in further pursuit of the object which induced him to leave the east; that he returned to the state of Washington and went into business in the city of Everett about the month of June, 1894. This testimony satisfies us that he was not a resident of the state of Washington until

his return thereto from the state of California, when he located in business at the city of Everett. It might be inferred from this testimony that plaintiff lost his residence in the east when he left there, but even this does not clearly appear. And there is nothing therein which tends to show that he had any intention as to any definite location until he reached Everett upon his return from California. This being so, the plaintiff failed to prove the fact necessary to entitle him to any relief."

In the case under consideration it is apparent that the allegation of plaintiff's residence in her complaint was not evidence of such fact. But, on the hearing of the motion for suit money and alimony, plaintiff submitted affidavits in which, in general words, it was stated that she was a resident of King county for more than one year. On the trial of the merits she was called as a witness for the cross-complainant and testified that she was a resident of the state of California in December, 1897. She was interrogated, "Where did you go from San Francisco?" She answered that she went to Alaska direct, and en route remained one day in Seattle; that she went to Fort Wrangle, Alaska, to engage in business, and there contracted for a lodging house, which was to be completed for her; that while returning from Fort Wrangle, on a voyage to Seattle, she became acquainted with the cross-complainant, and together they came to Seattle and temporarily remained at a hotel; that a few days thereafter they were married, and shortly thereafter departed for San Francisco; remained for some weeks in California and then returned to Seattle, remaining a few days together at a hotel, when cross-complainant returned to Alaska to remain there some months upon his business affairs. The understanding between them was that plaintiff should remain at a hotel in Seattle, or return to San Francisco, and thence to Seattle. It also appears

from the testimony of both plaintiff and cross-complain-
ant that, about the time of their marriage it was their
intention to travel extensively for a year or two, and then
to make their home somewhere, the location of which
home was entirely undetermined. It is not assumed that
the cross-complainant was a resident of this state. There
appears to be not only a failure of satisfactory proof of the
residence of plaintiff in this state, but it is fairly inferred,
from all the evidence adduced at the trial, that plaintiff
was not such resident for one year prior to the suit.
Plaintiff's affidavit referred to is in its statement of res-
idence a mere conclusion, and, if considered upon the
trial as evidence at all, cannot have force against the
facts which are detailed by plaintiff, and also other infer-
ences that must be legitimately drawn from her wan-
dering life. Counsel for cross-complainant have cited the
case of *Ferry v. Ferry,* 9 Wash. 239 (37 Pac. 431),
where a decree of divorce was granted the wife on her
cross-complaint, and three years afterward she made appli-
cation to set aside the decree on the ground that her hus-
band was not a resident of the state at the time the action
was commenced, she herself being a non-resident. In
that case the grounds for divorce were amicably arranged
between the husband and wife, large property interests
were settled, each spouse had become possessed of individ-
ual shares of the property, and the wife had transferred
nearly all of hers. The court observed of the trial:

"No one was deceived or defrauded in this unless it be
the court; and now the same court is asked to set aside
the decree thus rendered at the suit of one who is respon-
sible for the imposition effected, after more than three
years of acquiescence and enjoyment of the fruits of the
action."

It was held that the wife was estopped from question-
ing the validity of the decree, even though there was fraud

upon the jurisdiction of the court. We do not think the authority is applicable here. We have now a direct appeal on exception to the jurisdiction of the superior court. We are satisfied the exception is well taken.

The judgment and decree is reversed, with directions for entry of a judgment dismissing the action.

DUNBAR, C. J., and FULLERTON and ANDERS, JJ., concur.