(No. 5558.  Decided July 22, 1905.)

H. B. CLEMANS, *as Executor ctc., Appellant,* v. ADA H. WESTERN, *Respondent.*[1]

DIVORCE—ABANDONMENT—EVIDENCE—SUFFICIENCY. A clear case of abandonment is shown, where, after the dismissal of an action for divorce brought by the wife on the ground of abandonment, the husband returned to the state of Washington, but not to his home, and refused for four years to live with or make any provision for his family, although requested to do so.

DIVORCE—DIVISION OF PROPERTY—ALL AWARDED TO WIFE. Upon granting a divorce to a wife on the ground of abandonment, and awarding to her the custody of three minor children, it is just to award her all the property, where it appears that it had been conveyed to her, heavily incumbered eight years before, the equity not exceeding $2,500, and that the wife, unassisted, after eight years of hardship, had saved it from foreclosure and paid off more than $3,000 of the indebtedness against it.

NEW TRIAL—ACCIDENT AND SURPRISE—ABSENCE OF WITNESS—FAILURE TO REQUEST CONTINUANCE. Accident and surprise cannot be urged as ground for a new trial in an action for a divorce, in that the appellant's son, alleged to be a material witness, suddenly disappeared during the trial and could not be produced, when the appellant failed to subpoena him as a witness, or to request a continuance, but submitted the case on other evidence without suggesting the fact that he relied upon his son's evidence.

Appeal from a judgment of the superior court for King county, Bell, J., entered December 12, 1904, upon findings in favor of the defendant, after a trial before the court without a jury, granting a divorce and awarding property and the custody of children, upon a cross-complaint. Affirmed.

*Jacobs & Jacobs* and *Walter S. Fulton,* for appellant.

*Smith & Cole,* for respondent.

MOUNT, C. J.—This appeal is from a judgment of the lower court denying a decree of divorce to Henry H. Western, and granting a decree to respondent, and awarding her

[1]Reported in 81 Pac. 824.

the care and custody of the minor children, and all the property, which stood in her name. Since the appeal was taken, the appellant has died, and, upon stipulation, H. B. Clemans, executor of the last will and testament of the deceased, was substituted for the appellant.

The complaint, after alleging the marriage of the parties in April, 1882, and after alleging, that three children had been born to them, viz., a son who is twenty years of age, and two daughters aged respectively fourteen and twelve at the time the action was begun, alleged, that at the time of the marriage the plaintiff, H. H. Western, was possessed of certain real property as his separate estate; that in May, 1896, being about to start for Alaska, he deeded all of his property, both real and personal, to his wife, in order to provide for her and the family and especially to provide for his family in case of his death; that there was no other consideration for said deed, and that at the time the deed was made the value of the property was $20,000, subject to incumbrances amounting to less than $6,000. The complaint then alleged that, in the years 1900, 1901, and 1903, the respondent committed certain specified acts of adultery, and prayed for a divorce, for the custody of the minor children, and for a just and equitable division of the property.

The answer of the respondent denied that the property was worth to exceed $10,000, denied that the property was subject to liens less than $6,000, but alleged that mortgages and judgment liens at that time amounted to $7,500, and that unpaid bills amounted to many hundreds of dollars, and denied the acts of adultery. For a further defense the answer averred, that in the year 1894 respondent, out of her separate means, advanced to plaintiff the sum of $1,400, in consideration that he would convey the real estate to her, subject to the mortgages then existing, which was done at that time; that in the year 1896, when by bad management the property had become depreciated in value and heavily incumbered, and plaintiff was unable to meet the interest

charges, mortgages maturing, judgments, unpaid taxes, and open accounts, he advised respondent that they abandon the property, which she refused to do; that thereupon plaintiff conveyed to respondent all of his property, both real and personal, and went to Alaska, leaving her to her own resources without other means of support; that, by her own energy and unaided, she has since that time paid the taxes, judgments, and accounts against her home, and reduced the mortgage indebtedness to the sum of $4,200; that in 1896 the plaintiff abandoned the respondent and her children, and has neglected and refused to return to them, and has provided nothing for their support, although he has been at all times a strong and able-bodied man; that for three years last past he has been living in and about King county, where the action was begun, and that respondent has been at all times ready and willing to live with him, and has always been a dutiful, faithful, and affectionate wife. The answer prayed for a decree of divorce, and for the care and custody of the children.

The reply of the plaintiff denied the allegations of the answer, and alleged that, in the year 1899, defendant commenced an action for divorce upon the ground of abandonment prior to that time; that the action was tried and, upon the evidence, dismissed by the court, and that respondent ought now to be estopped from setting up as a ground of divorce a cause accruing prior to that decree. Upon issues substantially as stated above, the cause came on for trial on the 18th day of May, 1904. On the next day, at the conclusion of the evidence, the court announced that there was no sufficient evidence to support the allegations of adultery in the complaint, and that the prayer of the complaint would therefore be denied. The court at that time also announced that the allegations of the cross-complaint were sustained, and that the prayer thereof would be granted. The findings and decree, however, were not signed until December 4, 1904, at which time full findings and a decree

were signed and entered in favor of respondent. This appeal is prosecuted from that decree.

We have carefully examined all the evidence in the record, and are satisfied that what little evidence there is on the part of the plaintiff as to the adultery of the respondent is fully met and overcome by the evidence on her behalf. The finding of the lower court is the only one which could have been justly made upon that issue. Upon the question of abandonment, the evidence conclusively shows that the plaintiff first left the respondent in May, 1896, and went to Alaska. At that time he transferred all his property to his wife, subject to his debts. She was apparently willing that he should go to Alaska, and acquiesced therein. He returned in the fall of the same year, and remained at home until the spring of 1898, when he again went to Alaska. After he had been gone about a year, respondent brought an action in the superior court of King county for divorce on the ground of abandonment. She obtained service of the summons by publication. Her husband made no appearance, having received no actual notice, but the prosecuting attorney of King county appeared on behalf of the state and, upon a hearing, the action was dismissed. In the fall of 1900 the plaintiff again returned to the state of Washington, but not to his home. He visited his home but once or twice during the next four years, and refused to live with his family, though requested so to do, and made no provision for any of them, and in 1904 he brought this action. These facts we think make a clear case of abandonment of respondent and the children by the plaintiff after the year 1900. The finding of the court in this respect is fully justified.

Appellant contends that, because the trial court awarded all the property to the respondent, such award was not a "just and equitable disposition" thereof. At the time the plaintiff first went to Alaska in 1896, he turned over all his property to his wife. This property consisted of about two hundred and forty-five acres of land, most of which

was fit only for pasture. There were, also, about forty-two head of cows, some few horses, and farming implements. All this property was leased for a term of three years, at the monthly rental of $115, with a small garden and house reserved to the respondent. It is not definitely shown by the evidence what the value of the property was at that time, but it is apparently conceded that it was worth about $10,000, and that the debts against it amounted to more than $7,500. Respondent testified that the property was in poor condition and depreciating in value, and that they were unable to pay their debts or the interest, and that the plaintiff desired at that time to abandon the property to the debts, and this was not disputed by the plaintiff. Respondent collected very little from the lease, and had trouble with the lessees. Many of the cattle died, or were killed by officers because of an infectious disease. The rest were sold for the purpose of paying debts. Respondent, after eight years of toil and hardship, unassisted by her husband, succeeded in saving the property from foreclosure, and in reducing the debts to about $4,200 at the time of the trial, and in the meantime provided as best she could for herself and minor children, with no assistance from her husband. In view of these facts, and of the fact that she was awarded the care and custody of the minor children, it appears just that she should have all the property remaining for their and her support.

There is one other point made on this appeal. After the court had announced what the decree would be, appellant filed a motion for a new trial upon the ground, among others, of "accident and surprise which ordinary prudence could not have guarded against." In support of this motion, affidavits were filed showing, that the son, Peter Western, was a material witness on behalf of his father; that he was with his father almost daily previous to the trial and until within a few days of the same, when he disappeared and all efforts to find him were of no avail. He was afterwards

located in California where he was detained as a recruit in the United States army. From California he went to the Philippine Islands, as a member of the Fourteenth United States cavalry. No subpoena had been served upon the boy, and no continuance was asked by reason of his absence, and at the close of the case no mention appears to have been made of the fact that the plaintiff relied upon the evidence of the son which could not then be had. But the case appears to have been rested entirely upon the evidence then introduced. Three uncontradicted affidavits were filed on behalf of the respondent, to the effect that the son, Peter, was in the city of Seattle during the trial, and did not leave there for California until the next day after the conclusion of the trial. At any rate, we think ordinary prudence required that a subpoena should have been served upon the witness; or, when it was discovered before the trial that he was absent and his testimony could not be had, a continuance should have been requested upon a showing. These precautions having been omitted, and no mention made of the absence of this witness until after an adverse decision, and the case having been submitted on other evidence, appellant ought not now to be heard to complain.

We have considered this case upon the merits, disregarding the fact that the plaintiff is now dead, because no question is raised upon that point either in the briefs or on the oral argument, and because property interests are involved depending upon the decree.

Finding no error in the record, the judgment is affirmed.

Root, Fullerton, and Hadley, JJ., concur.

Rudkin, J. (concurring).—I concur in the result, but think the appeal should have been dismissed. The marriage has been dissolved by death since the appeal was prosecuted, and it is an idle formality to either affirm or reverse the decree of divorce. It also appears that all the property in controversy was the separate property of the wife. The

right of the husband to have a portion of such property awarded to him upon the granting of a divorce is personal to himself and dies with him. It is not subject to his testamentary disposition and will not pass to his heirs or personal representatives by operation of law. The executor, therefore, has no interest in the litigation and should not be permitted to prosecute or continue the appeal.

CROW, J., concurs with RUDKIN, J.