[No. 7007. Decided November 1, 1907.]

## OLGA RAMSDELL, *Respondent*, v. EDWIN AUGUSTUS RAMSDELL, *Appellant.*[1]

APPEAL—REVIEW—QUESTIONS REVIEWABLE. The appellant has a right to appeal on the judgment roll and question the sufficiency of the complaint and findings to support the judgment.

DIVORCE—PLEADING—JURISDICTION—RESIDENCE. An allegation of plaintiff's residence in this state for one year, and in the county at the time suit is brought, is essential to jurisdiction in an action for divorce.

APPEAL—RECORD—BILL OF EXCEPTIONS. Testimony not embodied in a bill of exceptions or statement of facts cannot be considered on appeal.

APPEAL—REVIEW—AMENDMENTS—DIVORCE—JURISDICTION. Where the complaint and findings in an action for a divorce fail to show the residence of the plaintiff, and the evidence is not brought up on appeal, the complaint cannot be deemed amended to cure the defect, and a decree of divorce must be reversed for want of jurisdiction.

DIVORCE—DECREE—DIVISION OF PROPERTY. Upon granting a wife a divorce, the court may award all the property, community and separate, to the wife.

COSTS—ON APPEAL. Where defects might have been readily cured by amendment in the court below, and appellant did not call the court's attention thereto, but had a right to first raise them on appeal, no costs will be allowed in the supreme court on reversing the judgment.

Appeal from a judgment of the superior court for Pierce county, Snell, J., entered March 28, 1907, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action for divorce. Reversed.

*Walter M. Harvey*, for appellant.

*Eugene Carr*, for respondent.

[1]Reported in 92 Pac. 278.

RUDKIN, J.—This is an appeal from a decree of divorce, and the cause comes before us on the complaint and the findings made by the trial court. The respondent has moved to dismiss the appeal on several grounds, but we find no merit in the motion. The appellant had a lawful right to appeal on the judgment roll and question the sufficiency of the complaint and findings to support the judgment against him. The motion to dismiss is therefore denied.

Two errors are assigned: First, that the complaint did not state facts sufficient to constitute a cause of action or show that the court below had jurisdiction of the subject-matter thereof, because it was not alleged that the plaintiff had been a resident of the state for one year prior to the commencement of the action, or of Pierce county at the time of the commencement thereof; and second, that the court erred in awarding all of the separate property of the appellant of the value of about $2,400 to the respondent, for the support and maintenance of herself and child.

The complaint is undoubtedly defective in the matter complained of, as an allegation of the place of residence of the plaintiff is an essential one in an action for divorce in this state. *Luce v. Luce*, 15 Wash. 608, 47 Pac. 21. This defect in the complaint was not cured by the findings of the court, as they are equally silent on the question of the respondent's residence. An attempt was made to bring parts of the testimony to this court, but, inasmuch as the testimony was not embodied in a bill of exceptions or statement of facts, it forms no part of the record on appeal and cannot be considered by us. The complaint and findings being both deficient, and the testimony not being before us, we cannot indulge in any presumptions or deem the complaint amended to conform to the proofs, as there is nothing to amend by. The judgment must therefore be reversed.

The ruling of the court in awarding all of the property to the wife for the support and maintenance of herself and

child is fully warranted by the findings in the case. *Miller v. Miller*, 8 Wash. 605, 80 Pac. 816; *Clemans v. Western*, 39 Wash. 290, 81 Pac. 824; *Mitchell v. Mitchell*, 39 Wash. 431, 81 Pac. 913. There is no distinction between community and separate property in this regard. *Fields v. Fields*, 2 Wash. 441, 27 Pac. 267; *Webster v. Webster*, 2 Wash. 417, 26 Pac. 864.

The defects found in this record might readily have been cured by amendment in the court below, but we are satisfied they were never called to the attention of that court; and while the appellant has a lawful right to raise the objections in this court for the first time, we will not encourage the practice by allowing costs.

The judgment is reversed, and the cause remanded with directions to allow an amendment to the complaint, and to make findings on the question of the respondent's residence, based either on the proofs already received or upon such other testimony as the parties may offer. Neither party will recover costs on this appeal.

HADLEY, C. J., FULLERTON, CROW, MOUNT, ROOT, and DUNBAR, JJ., concur.