[No. 9601. Department One. January 12, 1912.]

LULA POWELL, *Appellant*, v. JAMES POWELL, *Respondent*.[1]

DIVORCE—CROSS-COMPLAINT — DEFINITENESS. Plaintiff is not entitled to have a cross-complaint for a divorce made more definite and certain as to the times and places at which and with whom adultery was committed, where no direct charge of adultery is made, although adultery might be inferred from the facts stated.

DIVORCE—PLEADINGS—CROSS-COMPLAINT—RESIDENCE—JURISDICTION. Where a complaint for divorce shows jurisdictional residence by the plaintiff, defendant's cross-complaint need not allege his residence in the county, nor in the state for one year preceding the commencement of the action, in order to give jurisdiction to grant a divorce upon the cross-complaint.

[1]Reported in 119 Pac. 1119.

Appeal—Review—Amendments to Conform to Proof—Divorce. Pleadings for a divorce will on appeal be deemed amended to conform to proof that the parties were residents of the county and of the state for one year preceding the commencement of the action.

Appeal—Review—Harmless Error—Findings. Findings outside the issues in a divorce case do not vitiate a decree supported by other findings.

Divorce—Decree—Property. Where the property cannot be divided without loss, it is proper to award it to the husband, with alimony to the wife.

Divorce—Decree—Costs—Attorney's Fees. An attorney's fee of $75 in a divorce case is not unreasonably inadequate.

Appeal by plaintiff from a judgment of the superior court for Benton county, Holcomb, J., entered March 21, 1911, upon granting defendant a divorce and awarding alimony, after a trial on the merits. Affirmed.

*J. W. Callicotte*, for appellant.
*Andrew Brown*, for respondent.

Fullerton, J.—The appellant brought this action against the respondent for a divorce and for such division of the property of the parties as to the court should seem meet and just. In her complaint she set forth the statutory requirements as to residence, and sought a divorce on the grounds of cruel treatment and personal indignities rendering her life burdensome. The respondent answered, denying the allegations of cruel treatment, and by a cross-complaint sought a divorce from the appellant on grounds similar to those set forth in the complaint. He did not, however, allege residence in the state for one year, nor residence in the county in which the action was brought. The appellant moved against the cross-complaint, asking that certain paragraphs therein be made more definite and certain. The motion was overruled, whereupon she replied, putting in issue the new matter in the complaint. A reference was thereupon had for a report upon the facts and law of the case. The referee took and reported the evidence into court and recommended

that neither party be granted a divorce. Each of the parties thereupon moved the court to set aside the referee's findings, in so far as he recommended that no divorce be granted. The court reheard the case and granted a divorce to the respondent, awarding the appellant her costs expended in the proceedings, $75 for attorney's fees, and $20 per month alimony, and awarded to the respondent the corporeal property held by them in community. From the decree this appeal is prosecuted.

The appellant first assigns that the court erred in overruling her motion to make the respondent's cross-complaint more definite and certain. It is assumed by the appellant that the paragraphs complained of made charges of adultery against her, and she claims that she is entitled to a statement of the times, places, and persons at which and with whom the adultery was committed. But we think the cross-complaint sufficiently certain. It contained no charge of adultery. True, it alleged that the appellant left her home at various times and remained away for weeks at a time, and would give the respondent no information on her return as to her whereabouts, or as to the persons with whom she associated while gone. It may be that adultery could be inferred from these facts, but they contain no definite charge of adultery, and the respondent was not obligated to make them more definite and certain in that respect.

It is next asserted that the court erred in granting a decree of divorce to the respondent, since he did not allege that he had been a resident of the state of Washington for more than one year prior to filing his cross-complaint, and did not allege that he was a resident of the county in which the action was brought. But this allegation was not necessary to support the cross-complaint. Where the plaintiff's complaint shows jurisdiction in the court over the subject-matter and the defendant appears personally in the action, the court has jurisdiction to award such relief as the facts warrant, even to granting a divorce to the defendant on a cross-

complaint. *Ferry v. Ferry*, 9 Wash. 239, 37 Pac. 431; *Pine v. Pine*, 72 Neb. 463, 100 N. W. 938, 9 Ann. Cas. 1198. The case of *Van Alstine v. Van Alstine*, 23 Wash. 310, 63 Pac. 243, is not contrary to this view. In that case, neither party was a resident of the state of Washington, and hence neither of them could maintain an action therein for divorce. Moreover, in the case at bar, the evidence disclosed that each of the parties had been residents of the state of Washington for many years prior to the commencement of the action, and that each of them resided in the county in which the action was brought. In such a case, we will treat the pleadings as amended to conform to the proofs. *Ramsdell v. Ramsdell*, 47 Wash. 444, 92 Pac. 278.

It is next objected that the findings on which the decree rest are not responsive to the issues, but we think otherwise. It is true that the court found that the appellant was guilty of having illicit intercourse with a certain man named, and that no allegation to that effect was made in the cross-complaint. But this does not avoid the decree. Other facts sufficient to sustain the decree which were within the allegations of the cross-complaint were found by the court, and the fact that the court may have made findings outside of the allegations of the complaint does not destroy the effect of those properly found.

Finally, it is complained that there was not an equitable distribution of the property of the parties, and that the attorney fee awarded was too small. With reference to the property, the record shows that it was badly encumbered, and otherwise of such a nature that it could not be divided without lessening its value. In such a case, it is proper for the court to award the property to the husband, and charge the husband with the duty of paying alimony to the wife. The allowance of alimony was abundantly large under the circumstances. The attorney fee also was sufficient.

The decree appealed from is affirmed.

Dunbar, C. J., Parker, Mount, and Gose, JJ., concur.