[No. 10909-7-III.  Division Three.  November 14, 1991.]

*In the Matter of the Marriage of* ELIZABETH K. BARNETT,
*Respondent*, and STANCHOLE E. BARNETT,
*Appellant.*

*Kenneth D. Beckley* and *Frederick & Beckley,* for appellant.

*Richard T. Cole* and *Cone, Gilreath, Ellis, Cole & Korte,* for respondent.

STAUFFACHER, J.* — After a 44-year marriage, Elizabeth K. Barnett, age 81, and Stanchole E. Barnett, age 76, were granted a decree of dissolution. Mr. Barnett appeals, contending the court abused its discretion in allowing interest on a lien in favor of Mrs. Barnett and in awarding maintenance. We modify the judgment and affirm.

The Barnetts' major asset is their salvage business, Capitol Avenue Repair. Mr. Barnett, who is in reasonably good health, still maintains an active interest in that salvage business, which consists of real property and scrap metal valued by the parties at $200,000. He continues to haul scrap metal to the coast for sale at an average price of $2,000 per load. Mrs. Barnett is confined to a wheelchair. She suffers from diabetes, high blood pressure, and cataracts. When the decree of dissolution was filed, her monthly income totaled $833: $188 from social security, $25 rental income from a house, $200 rental income from A&A Auto Repair, and $420 from an assignment of Mr. Barnett's social security check. Her monthly expenses were $860.

Under the decree of dissolution, Mrs. Barnett was awarded a $100,000 lien against Capitol Avenue Repair to be secured by a note and deed of trust.[1] Mr. Barnett was to make all reasonable efforts to sell the business. In the event the sale did not occur within 1 year of the decree of dissolution, the lien was to earn interest at 10 percent per annum. No schedule of interest payment times was stated. Applying the statutory standards of RCW 26.09.090, the court awarded Mrs. Barnett maintenance of $500 per month for the remainder of her life. This appeal follows.

First, Mr. Barnett contends the court erred in awarding 10 percent interest on the lien commencing 1 year after the date of the decree of dissolution. He argues there was no

---

*Judge Walter A. Stauffacher is serving as a judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.

[1]The record does not contain a copy of the note and deed of trust.

payment date for the lien and thus interest could not commence prior to default in payment. We find no error.

■ In *In re Marriage of Young*, 44 Wn. App. 533, 535, 723 P.2d 12 (1986), the court held a judgment of a court of record that requires payment of money may be enforced by execution. Interest accrues from the date of entry of a judgment. A decree of dissolution is a judgment and a party may execute on the judgment from the date of its entry. *Young*, at 535. When performance of the award is deferred to a future date, execution must also be deferred. *Young*, at 536.

■ The interest specified here is 10 percent; statutory interest under RCW 4.56.110 is not involved. The award itself is a distribution of property to compensate Mrs. Barnett for her interest in Capitol Avenue Repair without forcing Mr. Barnett to sell by a date certain. The 1-year deferral period serves as a financial incentive to encourage Mr. Barnett to sell the property. This award is reviewed only to determine if there has been a manifest abuse of discretion. Here, Mrs. Barnett is of advanced age, in poor health and lacks standing to force a sale of the property. *See Byrne v. Ackerlund*, 108 Wn.2d 445, 739 P.2d 1138 (1987); Washington State Bar Ass'n, *Community Property Deskbook* § 5.40, at 5-31 (2d ed. 1989). The distribution was fair and equitable. *In re Marriage of Konzen*, 103 Wn.2d 470, 478, 693 P.2d 97, *cert. denied*, 473 U.S. 906 (1985). The court did not abuse its discretion by making that property income productive with the imposition of interest.

Second, Mr. Barnett contends the court erred in imposing $500 monthly maintenance until Mrs. Barnett's death or remarriage because that award was based on speculation he would be able to produce substantial income from the salvage business.[2] He also asserts the award was erroneous in light of the fact Mrs. Barnett's monthly expenses were $860 and her income without maintenance was $833.

---

[2]Although the court's oral opinion and decree indicate the $500 maintenance is payable until Mrs. Barnett's death, the court's findings of fact state the maintenance award is payable until Mrs. Barnett's death or remarriage.

■ An award of maintenance is within the discretion of the court. *In re Marriage of Bulicek*, 59 Wn. App. 630, 800 P.2d 394 (1990). The amount of maintenance and its duration must be just in light of all the relevant factors. RCW 26.09.090; *In re Marriage of Morrow*, 53 Wn. App. 579, 585, 770 P.2d 197 (1989). If the assets of the parties are insufficient to permit compensation to be effected entirely through a property division, a supplemental award of maintenance is appropriate. *In re Marriage of Washburn*, 101 Wn.2d 168, 178, 677 P.2d 152 (1984). When assets cannot be divided in a fair, just and equitable manner under the circumstances of the parties, an asset may be awarded to one with an offsetting monetary obligation to pay the other. *Powell v. Powell*, 66 Wash. 561, 564, 119 P. 1119 (1912); *see* Washington State Bar Ass'n, *Community Property Deskbook* § 5.40, at 5-31 (2d ed. 1989). Furthermore, the court is not limited to assessing a minimum amount of maintenance to pay monthly expenses. It may also consider the standard of living attained during the marriage, the ability of one spouse to pay additional maintenance, and the other's ability to provide for himself or herself.

Here, Mr. Barnett admitted he was able to haul salvage to the coast and that he made approximately $2,000 per trip. Since the expense of acquiring the salvage had been paid in the past, the only cost in selling a load of salvage was the cost of transportation. Mr. Barnett also indicated he was not substantially replacing his inventory. Therefore, to the extent of each sale, the total value of the salvage yard itself was decreasing.

Our review of the record indicates the maintenance award was an attempt to distribute Mrs. Barnett's share of the business as realized through the future sale of salvage. That distribution had, however, already been effected by the $100,000 lien to Mrs. Barnett for one-half of the value of the salvage business. In effect, the same property was distributed twice. This was error.

If, however, the duration of the $500 monthly maintenance award is limited to the 1 year before interest begins

on the offsetting obligation of $100,000, the award is justified and not an abuse of discretion. Accordingly, we hold the $500 per month maintenance award shall terminate upon the commencement of the payment of the 10 percent interest award or the receipt of the lien payment upon the sale of the business, whichever shall first occur. The maintenance award is amended to reflect this limitation. Interest payments on the lien obligation shall be paid monthly beginning the first day of the month following the termination of the maintenance award and on the first day of every month thereafter.

Finally, Mrs. Barnett seeks an award of attorney fees on appeal. Both parties having substantially prevailed; attorney fees are denied.

The judgment is affirmed as modified.

SHIELDS, C.J., and THOMPSON, J., concur.