[No. 549. Decided August 12, 1892.]

LINDA E. DENISON, *Respondent*, v. GEORGE M. DENISON, *Appellant.*

DIVORCE—CRUEL TREATMENT—ADULTERY—COHABITATION—MISCONDUCT OF PLAINTIFF.

Where the evidence in an action for divorce on the ground of cruelty shows that the husband was often violent in the treatment of his wife, forcibly laying hands upon and striking her at times; that he was in the habit of calling her vile and abusive names, this treatment oftentimes occurring in the presence of their minor children, the decree of the lower court in granting a divorce will be sustained.

45—4 WASH.

In charging adultery it is necessary to allege time and place of the act, and make proof with some particularity of circumstances going to show the commission of the offense.

Where the wife, after bringing an action for divorce, continues to reside in the home of herself and defendant, but testifies that she slept in a room separate and apart from defendant, and no longer lived with him as his wife, cohabitation will not be presumed.

Where the evidence is conflicting as to the misconduct of the wife being the cause for the husband's jealousy and mistreatment of her, a divorce will not be denied on that ground. (HOYT, J., dissents.)

*Appeal from Superior Court, King County.*

*Wiley, Hale & Scott,* for appellant.
*Carroll, Carlisle & Thompson,* for respondent.

The opinion of the court was delivered by

SCOTT, J.—The plaintiff brought this action to obtain a divorce from the defendant, and the custody of their two minor children. The grounds upon which she sought a divorce were cruel and inhuman treatment of her by the defendant, and failure on his part to make suitable provision for the plaintiff and her children. The defendant filed an answer denying these allegations, and also a cross complaint wherein he alleges that the plaintiff had been guilty of various acts of adultery committed with persons unknown to the defendant, and the further allegation that she had at sundry times committed adultery with one Cannon, and subsequently filed an additional or supplemental cross complaint charging her with having committed adultery with one Lesser, at Seattle, in this state, in the months of April and May, 1890, and in the months of June and July of said year at said place, with having committed adultery with one Brown. These matters were denied in the reply of the plaintiff, and a trial was had wherein a considerable amount of testimony was taken, and the court found that the allegations of the plaintiff as to the cruel and inhuman

treatment of her by the defendant were proven, and found the allegations of the cross complaint wherein the defendant charged the plaintiff with adultery not proven, and granted her a divorce, and the custody of the children, as prayed for.

After a careful examination of the testimony, we are disposed to sustain the findings of the lower court. The testimony shows a most lamentable state of affairs; there were frequent quarrels and altercations between the parties, and, according to the testimony of the plaintiff, and the findings of the court, defendant was often violent in his treatment of the plaintiff, forcibly laying hands upon and striking her at times; that he was also in the habit of calling her vile and abusive names, and finding fault with her; and that this treatment occurred oftentimes in the presence of their children, who, at the time of the commencement of the action, were about six and seven years of age respectively.

The testimony of the defendant in support of the charges he made against the plaintiff was very unsatisfactory. No specific times were proven, nor any particular circumstances going to show that she had committed adultery at any time. His whole testimony was rather in the nature of a general accusation or insinuation in the main amounting to mere suspicions. It is true that this is a charge hard to establish, and ordinarily direct proof is not obtainable, and ought not to be held necessary probably to justify an accusation of this kind, but certainly a person bringing so serious a charge should be able to allege times and places, and make proof of circumstances with some particularity going to show the commission of the offense. Furthermore, these acts, according to the testimony of the defendant, extended over a long period of time—a period of several years, and during all this time the defendant lived and cohabited with the plaintiff, and was as well aware of

said matters for some time before they separated, as he was at the time the action was brought.

The appellant insists that the plaintiff should not have a divorce because she was living with him at the time she brought her action, and because she continued to live with him thereafter during its pendency. The proof shows that after the commencement of the action the plaintiff no longer lived with the defendant as his wife. She continued to reside at their home, it is true, where she slept in a room separate and apart from the defendant. The appellant contends the presumption arises from their having lived together since said time that they enjoyed all their marital relations, and if the plaintiff did cohabit with the defendant after bringing the suit she would not be entitled to a divorce, as the same would amount to a forgiveness of the acts of cruelty with which she charged him. The cruelties complained of by the plaintiff were inflicted upon her at different times by the defendant, and he alleges that these were from time to time forgiven, and that consequently she had no right of action therefor. It may be true, and doubtless was, that particular acts were forgiven, but the commission of further acts of cruelty would revive former causes, and do away with the effect of the forgiveness thereof. Cohabitation will ordinarily be presumed between the parties while they are living together, yet this presumption cannot obtain here to overcome the direct proof of the plaintiff that she no longer lived with the defendant as his wife after bringing her action. It cannot be expected in all cases that the plaintiff upon bringing an action for a divorce will abandon her home, to which she has as much right as the defendant, and desert her children, to whom she has an equal right, and be compelled to maintain herself separate and apart from her husband pending the suit. She may have no other home, and be entirely without means of supporting herself elsewhere. She testified that

after her action was commenced the defendant no longer provided groceries or meat for them, and that at all times she had in the main provided her own clothing.

If the testimony of the defendant was to be believed, the plaintiff certainly did give him cause for jealousy, but the testimony is conflicting in this respect, other witnesses testifying contrariwise as to the particular acts and circumstances, and the court found in favor of the plaintiff. If the plaintiff's testimony is true as to the matters upon which she seeks a divorce, she had abundant grounds therefor unless her own conduct had been such as not to warrant the court in granting any relief, and while we are not entirely satisfied that she did at all times conduct herself as a wife should, it is not apparent that she was guilty of any criminal offense, nor is the testimony strong in that direction. She may have done improper things, and her conduct may have been ill-advised and wrong in some matters, but anything like perfect conduct on her part under the circumstances could not be looked for. Continued ill treatment of the kind that she received at the hands of the defendant was bound to show itself upon her to some extent, and may have provoked her to acts and sayings which otherwise would not have been excusable. This is human nature. From her own proof, and that of her witnesses, we do not think her conduct was so reprehensible as to bar her right to ask for a divorce on the ground of the cruel treatment by her husband.

The judgment of the lower court is affirmed.

ANDERS, C. J., and DUNBAR and STILES, JJ., concur.

HOYT, J. (*dissenting*).—I am unable to agree with the conclusion arrived at by the majority of the court in this case. The proof shows that both the plaintiff and defendant had been guilty of improper conduct; neither of them comes into court with clean hands. Most of the acts of the de-

fendant which are alleged by the plaintiff as grounds for divorce are shown by the proof to have been the result of her own misconduct. This being so, I do not think that she should be allowed a divorce on account thereof. In my opinion the decree should be reversed and the bill dismissed.