[No. 6243. Decided November 10, 1906.]

BRIDGET COSTELLO *et al.*, *Appellants*, v. DRAINAGE DISTRICT
No. 1, KING COUNTY, *et al.*, *Respondents*.[1]

APPEAL—RECORD—AFFIDAVITS—ORAL STIPULATIONS.  The supreme
court cannot take cognizance of an oral stipulation sought to be
shown by an affidavit which is controverted by the other party.

APPEAL — RECORD — STATEMENT OF FACTS — TIME FOR CERTIFYING.
Under Bal. Code, § 5058, notice of application to settle and certify a
statement of facts on the eighth day after filing confers no jurisdic-
tion to settle the same, and the adverse party is under no obligation
to notice or move against such application in the lower court.

Appeal from an order of the superior court for King
county, Yakey, J., entered April 18, 1906, granting to de-
fendants a new trial for errors in the admission of testimony.
Affirmed.

*Vince H. Faben*, for appellants.

*Ballinger, Ronald, Battle & Tennant*, for respondents.

RUDKIN, J.—This is an appeal from an order granting a
new trial for errors in the admission of testimony.  The re-
spondents interpose a motion to strike the statement of facts
and affirm the order, for the reason that the statement was
not settled or certified in the manner required by law, and the
judge certifying the same had no jurisdiction to settle and
certify the statement at the time the same was so certified.
If the statement of facts be stricken, the errors assigned in
the granting of the new trial cannot be considered, and the
order must be affirmed.

It appears from the record that the order granting the
new trial was entered on the 18th day of April, 1906.  The
proposed statement of facts was filed, and served on the re-
spondents, on the 25th day of April, 1906.  On the 28th day

[1]Reported in 87 Pac. 513.

of April, 1906, the appellants served a written notice on the respondents that they would apply to the judge before whom the cause was tried, on the 3rd day of May, 1906, at the hour of 9:30 a. m., to settle and certify a statement of facts in said cause. The statement was certified pursuant to such notice on the last-mentioned date, in the absence of the respondents or their attorneys. No amendments to the statement were proposed by the respondents either before or after the statement was settled and certified. It will thus be seen that notice of the application to settle and certify the statement was served three days after the filing, and the statement was actually settled and certified on the eighth day after filing, or two days before the expiration of the time allowed by law for proposing amendments. An affidavit was filed in this court, on the part of the appellants, tending to show that there was an oral agreement or stipulation between counsel for the respective parties that the statement might be settled and certified at the time specified in the above notice, but this is controverted by the respondents, and courts uniformly refuse to take cognizance of oral stipulations under such circumstances.

Bal. Code, § 5058 (P. C. § 675), provides that a party desiring to have a bill of exceptions or statement of facts certified must prepare the same as proposed by him, file it in the cause and serve a copy thereof on the adverse party, and shall also serve written notice of the filing thereof on any other party who has appeared in the cause. Within ten days after such service, any other party may file and serve on the proposing party any amendments which he may propose to the bill or statement. Either party may then serve upon the other a written notice that he will apply to the judge of the court before whom the cause is pending, or was tried, at a time and place specified, the time to be not less than three nor more than ten days after service of the notice, to settle and certify the bill or statement; and at such time and place, or at any other time or place specified in an adjournment

made by order or stipulation, the judge shall settle and certify the bill or statement. If no amendments shall be served within the time aforesaid, the proposed bill or statement shall be deemed agreed to, and shall be certified by the judge at the instance of either party, at any time thereafter, without notice to any other party.

Under the foregoing provisions, it would seem clear that notice of an application to settle and certify a statement of facts on the eighth day after filing is ineffectual for any purpose, and confers no jurisdiction upon the court or judge. The adverse party is under no obligation to respond to such a notice, and the certificate to the statement will have no greater force or effect than if made without notice. It would seem equally clear that a statement of facts can only be certified within the ten days allowed for proposing amendments thereto by consent of all the parties who have appeared in the action, unless amendments have been proposed or waived. True, the respondents might have moved against the certificate, or proposed amendments, notwithstanding the statement had already been certified, but they were under no obligation to do so. It seems to be conceded that the certificate to the statement would be ineffectual had the respondents proposed amendments to the statement within the ten days allowed by law, and, if so, how could a valid certificate be invalidated; or, on the other hand, how could a certificate, invalid when made, be validated thereafter by a mere failure of the respondents to propose amendments to a statement of facts which had already been certified?

We are therefore of opinion that the statement of facts was settled and certified without authority of law, and that the motion to strike the statement and affirm the judgment should be granted, and it is so ordered.

MOUNT, C. J., DUNBAR, and HADLEY, JJ., concur.

FULLERTON, J., dissents.

CROW and ROOT, JJ., took no part.