[No. 8221. Department One. January 8, 1910.]

## MYRTLE F. BRIGGS, *Respondent*, v. MARION W. BRIGGS, *Appellant*.[1]

DIVORCE—GROUNDS—RENDERING LIFE BURDENSOME—COMPLAINT—SUFFICIENCY. A complaint for a divorce on the ground of personal indignities rendering life burdensome states a cause of action when it alleges that the husband applied profane and vulgar language to the wife and was guilty of cruelty consisting of physical violence.

DIVORCE—DEFENSES—INDISCREET CONDUCT OF WIFE—CONDONATION. A divorce for misconduct of the husband should not be denied a wife because of indiscreet or disgraceful acts committed by the wife in the husband's presence and with his approval.

Appeal from a judgment of the superior court for Snohomish county, Black, J., entered February 1, 1909, upon findings in favor of the plaintiff, in an action for a divorce, after a trial on the merits. Affirmed.

*E. C. Dailey*, for appellant.

*J. Y. Kennedy*, for respondent.

FULLERTON, J.—This is an action for divorce, brought by the respondent against the appellant, charging cruel treatment and personal indignities rendering life burdensome. The respondent, in addition to a decree of divorce, asked to have awarded to her the custody of their minor child, a boy some six years of age, and certain community personal property, of which she was in possession, of the value of some three hundred dollars. The appellant answered the complaint, denying the acts of cruelty and personal indignities charged against him, and by a cross-complaint sought a divorce on the ground of adultery committed by the respondent, also asking that he be awarded the custody of the child. The cross-complaint was put in issue by a reply, and a trial was had, resulting in a divorce in favor of the respondent, on the grounds stated in her complaint, and the

[1]Reported in 106 Pac. 126.

 awarding to her the custody of the child, and the community property before mentioned.   The husband appeals.

The appellant insists, first, that the complaint does not state facts sufficient to constitute a cause of action, but the complaint is ample in this respect.   The personal indignities alleged consisted of the use of profane and vulgar language applied to the respondent, and the cruelty of physical violence.   These are sufficient causes for divorce when proven.

It is next insisted that the allegations of the wife's complaint are not proven, other than in certain instances where they were invited by the wife's own misconduct, but that the husband's allegations against her are abundantly substantiated.   But we are inclined to follow the trial court's conclusions with reference to the evidence.   The charges the wife makes are practically admitted; although an effort was made to explain them away.   On the part of the wife, there is much in her conduct that is coarse, and some matters that are disgraceful—matters that, had they occurred at other times and places and under different circumstances, would legitimately lead to the conclusion that her character was that of a bawd rather than that of a virtuous woman; but her acts are robbed of this construction by the fact that the most flagitious of them occurred in the presence of her husband, and apparently received his approval.   What is shown of her conduct away from his presence, while it was not always the most discreet, falls far short of convicting her of the revolting charge the husband makes against her.

But it is unnecessary to pursue the inquiry further.   The judgment of the trial court is right and will stand affirmed.

RUDKIN, C. J., CHADWICK, GOSE, and MORRIS, JJ., concur.