[No. 12758. Department One. March 1, 1916.]

ALFRED FAULKNER, *Respondent*, v. HEDWIG FAULKNER, *Appellant*.[1]

DIVORCE—DECREE—VACATION — FRAUD IN PROCURING — EVIDENCE— SUFFICIENCY. A decree of divorce, granted on default after personal service, should not be vacated for fraud in preventing the wife from appearing and defending, where it merely appears that she might not have fully understood plaintiff's attorney, who did nothing to mislead her, and that plaintiff resided at their common home during the pendency of the action occupying a separate room.

SAME—VACATION—DEFENSES WAIVED. The fact that plaintiff in a divorce case was criminally intimate with another woman during the pendency of the action is not ground for vacating a default judgment, where defendant had knowledge of such intimacy in time to make a defense to the action.

SAME—VACATION—PUBLIC INTEREST—DISCRETION. The vacation of a default judgment of divorce because of public interest, after the right to take an appeal had expired, is a matter of discretion, and no abuse of discretion is shown by a refusal where the plaintiff had lawfully intermarried with a third person.

SAME—VACATION—GROUNDS—ERRONEOUS JUDGMENT. A decree of divorce is not void for failure of the record to show an allegation and finding as to the residence of the plaintiff or any finding of the specific facts upon which the decree rested, but is merely erroneous, and such defects are not ground for vacation of the decree by petition.

Appeal from an order of the superior court for Pierce county, Clifford, J., entered November 12, 1914, upon findings in favor of the plaintiff, denying a petition to vacate a decree of divorce for fraud, tried to the court. Affirmed.

*Kelly & MacMahon*, for appellant.

*Frank H. Kelley, Ralph Woods*, and *A. H. Garretson*, for respondent.

FULLERTON, J.—On December 31, 1913, the respondent, as plaintiff, instituted an action in the superior court of Pierce county for a divorce against his wife, the present ap-

[1]Reported in 155 Pac. 404.

pellant.  In his complaint the respondent alleged residence
in the state for more than one year last past, but failed to
allege that he resided in the county in which the action was
instituted.  As grounds for a divorce, he alleged facts tend-
ing to show cruel and inhuman treatment and personal in-
dignities towards himself by his wife which rendered his life
burdensome.  Personal service of the complaint and sum-
mons was made on the wife in Pierce county, the county of her
residence, but she defaulted in the action and the same was
resisted by the prosecuting attorney.  The court, after the
trial, regularly made findings of fact and conclusions of law,
and entered a decree granting the divorce.  The findings
with respect to the residence of the plaintiff followed the al-
legations of the complaint, and with reference to the grounds
for the divorce, made no finding at all, further than in the
conclusion of law it is recited that the "acts and treatment
complained of in the complaint has amounted to cruel and
inhuman treatment to such an extent as to render life bur-
densome" to the respondent, and that such treatment en-
titled him to a divorce as a matter of law.  Nor did the de-
cree entered contain any recital as to the residence of the
plaintiff or as to the grounds upon which it was rested; it
merely recited that it was based upon the findings of fact
and conclusions of law theretofore rendered in the cause.
The evidence taken at the trial was not preserved in the
record; at least, it is not in the record before us.

The decree was entered on February 26, 1914, and on
August 28, 1914, some six months and two days thereafter,
the appellant filed a petition under the statute for a vacation
of the judgment.  In the petition it was alleged that the
record upon which the decree is based is insufficient to sup-
port the decree; that the appellant has a meritorious de-
fense to the action; that she is a German by birth, unfamiliar
with court procedure, and was led to make default in the di-
vorce action through deception and fraud practiced upon
her by the respondent and his attorney, leading her to be-

lieve, prior to the time leave to answer had expired, that the action had been discontinued.

At the hearing upon the petition, the court tried the allegations of deception and fraud and, finding that none had been practiced upon her by the respondent or any one representing him which prevented her from appearing in and making a defense to the action, refused to inquire into the merits of her defense, and refused to set aside the decree on the grounds of irregularity or insufficiency of the proceedings supporting it. This is an appeal from the order evidencing the ruling.

As to the question of fact tried by the court, we are inclined to agree with its conclusion. The charge against the respondent's attorney has no foundation whatever. The appellant went to his office shortly after the service of process was made upon her. In the interview she told him she wanted no divorce, that the allegations of the complaint setting forth the grounds therefor were false, and that the proposed division of the property of the parties was inequitable. The attorney told her distinctly and emphatically that he was her husband's attorney and could not act for her with reference to the matter of the divorce; that if she desired to defeat the action she must employ an attorney and defend, as default would be taken against her if she did not do so. With reference to the proposed division of the property, he told her that, if she did not wish to defeat a divorce, he would treat with her with reference to it. His testimony is to the effect that this branch of the case was gone over' between them somewhat fully, and that he did make a change in the decree from that originally contemplated, favorable to the appellant, as a result of the interview. It may be that the appellant, because of her unfamiliarity with court procedure and the language necessary to convey ideas pertaining thereto, did not fully understand him, but there is no cause to believe that he in any way misled her.

As to the husband, while the proofs are not so clear, we are unable to find that his conduct was such as to induce or prevent her from appearing and defending the action. It is true he resided at the common home of himself and the defendant during the pendency of the action, but since he occupied a separate room in the house, apart from the defendant, this would not have been sufficient grounds on which to defeat the divorce action, and much less is it sufficient ground for the vacation of the decree entered therein. *Denison v. Denison*, 4 Wash. 705, 30 Pac. 1100.

The appellant's counsel, in their brief, assert that the record shows that the respondent cohabited with the appellant during the time the action was pending, and that she was led thereby to believe that the grievances alleged against her had been condoned and the action discontinued, but the record as we read it does not sustain the claim. The appellant details a circumstance from which it might be inferred that the respondent had cohabited with her during the time the divorce action was pending, but in answer to a direct question put to her by the presiding judge, inquiring whether he had done so, she answered in the negative. It is not necessary to argue, of course, that if the premise from which a conclusion is deduced fails of proof, the conclusion must fail also.

But it is claimed that the respondent was criminally intimate with another woman prior to and during the time the divorce action was pending, and that this fact is sufficient to require the vacation of the decree. The evidence which discloses this fact discloses also that the appellant had knowledge of the fact in sufficient time to set it up as a defense to the action and that she failed so to do. Her own negligence, therefore, is sufficient to estop her from having a vacation of the decree as a matter of right, on the principle that one having a valid defense to a divorce action and failing to set it up has no just ground to complain of the decree.

The real question then is, should the court have set the decree aside when the fact appeared because of the public interest. That it has such power may be conceded, and perhaps, if the fact timely appeared, it might be its duty to do so. But when the fact is made to appear after the right of appeal has expired, the court may be confronted with conflicting public interests, and a duty to determine the course which will best promote such interests. In other words, the matter becomes one of discretion with the court, to be reviewed on appeal only when such discretion is abused. We fail to find that it has been abused in this instance. This petition was filed after the expiration of six months from the date of the entry of the decree, and no appeal had been taken therefrom. The plaintiff had the lawful right to intermarry with a third person after that period, and the court found that he did so intermarry. While the respondent himself may be entitled to no consideration because of the fact, the new wife may be so entitled, and the possible offspring of the marriage, in that they may not come as bastards into the world, are clearly so entitled. The court was confronted with the duty of either allowing a fraudulent decree to stand or of doing a possible injustice to the innocent, and having exercised its discretion, its ruling ought not to be disturbed.

The appellant further contends that the decree is void and should be set aside because of the defects appearing on the face of the record. These consist, as we have noted, of a want of an allegation and finding that the plaintiff was a resident of the county of Pierce at the time of the commencement of the action, and a want of the finding of the specific facts upon which the decree was rested. But while these omissions from the record would have been sufficient to warrant the reversal of the decree on an appeal therefrom (*Ramsdell v. Ramsdell*, 47 Wash. 444, 92 Pac. 278), they are not sufficient to require its vacation by petition after the time for an appeal has expired. The decree is voidable only, not void, and vacation by petition is a remedy applicable only

to extraneous matters, not to set aside a judgment because merely erroneous as a matter of law. *Morgan v. Williams,* 77 Wash. 343, 137 Pac. 476; *Kuhn v. Mason,* 24 Wash. 94, 64 Pac. 182; *Dickson v. Matheson,* 12 Wash. 196, 40 Pac. 725; *Tacoma Lumber & Mfg. Co. v. Wolff,* 7 Wash. 478, 35 Pac. 115, 755.

As we said in the first case cited:

"To hold that the trial court should have entertained this motion and vacated this judgment would be, in effect, to permit the trial court to entertain upon motion an appeal from its own judgment, review the law of the case and reverse itself for error of law. The statute under which the motion was made was never intended to have that effect.

" 'The power to vacate judgments, on motion, is confined to cases in which the ground alleged is something extraneous to the action of the court or goes only to the question of the regularity of its proceedings. It is not intended to be used as a means for the court to review or revise its own final judgments, or to correct any errors of law into which it may have fallen. That a judgment is erroneous as a matter of law is ground for an appeal, writ of error, or certiorari, according to the case, but it is no ground for setting aside the judgment on motion.' 1 Black, Judgments (2d ed.), § 329."

Our conclusion is that the order appealed from should be affirmed, and it is so ordered.

MORRIS, C. J., MOUNT, CHADWICK, and ELLIS, JJ., concur.