[No. 13855.   Department Two.   May 9, 1917.]

ANNA H. STOLZ, *Appellant*, v. PHILLIP STOLZ, *Respondent*.[1]

DIVORCE—CRUELTY—EVIDENCE—SUFFICIENCY.   It is error to deny a divorce to a wife on the ground of cruelty, because she had been guilty of improper conduct, where it appears that the husband accused her of infidelity, attacked her and punished her severely, and when driven from the place by his employer, she refused to accompany him, the court exonerating her of any criminal conduct; since she was justified in abandoning him.

Appeal from a judgment of the superior court for Grant county, Steiner, J., entered June 13, 1916, dismissing an action for divorce, tried to the court.   Reversed.

*W. E. Southard* and *T. B. Southard,* for appellant.

*John Truax* and *Martin & Jesseph,* for respondent.

MOUNT, J.—This is an action for divorce. The plaintiff based her cause of action upon cruel and inhuman treatment and nonsupport. Upon a trial of the case, the court concluded that the plaintiff was not entitled to a decree, because each of the parties was guilty of improper conduct toward the other, and for that reason, denied the decree. The court,

[1]Reported in 164 Pac. 920.

in its opinion, which is made a part of the record, found that the defendant had treated the plaintiff in a cruel and inhuman manner, had struck her and otherwise maltreated her, but that the plaintiff had abandoned the defendant and had lived at the house of their employer for a period of a year, and because thereof, some scandal had been circulated in the neighborhood. The court, therefore, concluded that each of the parties was without remedy against the other, and dismissed the action. The plaintiff has appealed.

If the evidence offered on behalf of the appellant is to be believed, we have no doubt of her right to a decree of divorce. The respondent did not seek a decree. He sought a reconciliation.

It appears that the parties were married in the year 1910, lived together for a period of five years. Two children were born to them. These children, at the time of the trial, were both infants. Appellant and respondent had accumulated some real estate of about the value of $450. In the early part of 1915, the respondent and his wife were employed to work on the farm of a neighbor, who was an unmarried man. The appellant was employed to do the general housework, and the respondent was employed to work upon the farm. After they had been in this employment for a time, the husband became jealous of his wife, and accused her of infidelity, both with their employer and with other men. He attacked her upon different occasions and punished her physically. Upon one occasion, their employer resented these attacks, struck the respondent, and required him to leave the place. He left, and his wife refused to go with him. She had, prior to that time, refused to cohabit with him. After he left the place, she continued in the employment, and remained there during the trial of this action. Upon the trial, the court exonerated her from any criminal intimacy with her employer or other persons, but was of the opinion that she should have gone with her husband after he had mistreated her. In short, the trial court concluded that, but for the fault of the other, each

would be entitled to a decree of divorce; that, because the appellant had abandoned her husband after the cruelty, she was not entitled to a decree. We think the trial court was in error in this respect. If she had been treated cruelly by her husband to the extent described in the testimony, she abandoned him of right. The fact that she remained with her employer, where her husband had obtained employment for her, is not sufficient to deprive her of her rights. Her reason for remaining there with her children was explained by the fact that she had no other place to go. In the case of *Denison v. Denison*, 4 Wash. 705, 30 Pac. 1100, this court said, at page 709:

"If the plaintiff's testimony is true as to the matters upon which she seeks a divorce, she had abundant grounds therefor unless her own conduct had been such as to not warrant the court in granting any relief, and while we are not entirely satisfied that she did at all times conduct herself as a wife should, it is not apparent that she was guilty of any criminal offense, nor is the testimony strong in that direction. She may have done improper things, and her conduct may have been ill-advised and wrong in some matters, but anything like perfect conduct upon her part under the circumstances could not be looked for. Continued ill treatment of the kind that she received at the hands of the defendant was bound to show itself upon her to some extent, and may have provoked her to acts and sayings which otherwise would not have been excusable. This is human nature. From her own proof, and that of her witnesses, we do not think her conduct was so reprehensible as to bar her right to ask for a divorce on the ground of the cruel treatment by her husband."

The same is true in this case. The court, in its opinion, after hearing all the evidence, exonerated the appellant of any criminal conduct. The court was of the opinion that she had been indiscreet, but not guilty of any criminal offense. If, as the trial court concluded, the respondent had been guilty of cruel and inhuman conduct, which we find to be amply sustained upon the record, she clearly had a right to abandon her husband, and not go with him when he left his employer's

premises. The trial court found that she was not discreet in remaining with an unmarried man alone on the premises, and she may have been so indiscreet, but, when the trial court exonerated her of any criminal intimacy, either with her employer or with other men, as charged by the husband, we think a divorce should have followed. It appears here plainly from the evidence that these parties can no longer live together, and it plainly appears that the respondent was guilty of cruel and inhuman conduct, making appellant's life burdensome. The mere fact that appellant abandoned him, we think, was not sufficient to deny her a divorce, because, under the circumstances, she was justified in the abandonment. We are satisfied, therefore, that the trial court should have granted her a decree of divorce. We are also satisfied that she is the proper person to have the care and custody of the minor children, and we are further satisfied, from the record here, that she should have a decree awarding her all the property, which the evidence shows does not exceed in value $450.

The judgment of the trial court is therefore reversed, and the cause remanded for a decree of divorce to the appellant, awarding her the custody of the minor children and all the property belonging to the parties.

ELLIS, C. J., PARKER, and HOLCOMB, JJ., concur.