[No. 27925.   Department One.   July 18, 1940.]

HILJA AHO, *Appellant*, v. WILLIAM AHOLA, *as Administrator, et al., Respondents.*[1]

*McMullen & Snider*, for appellant.

*Sugg & Mason*, for respondents.

MAIN, J.—The plaintiff brought this action seeking a decree declaring that she was the owner, and entitled to the possession, of certain real and personal property. One of the defendants was not served with process, and no further reference will be made to her. The other defendants were William Ahola, as administrator of the estate of Heikki Romppanen, deceased, and two nieces. The administrator answered, saying that he refused to allow the claim of the nieces to the property of the deceased because he desired the court to determine the matter. The nieces answered, denying the claimed right of the plaintiff to any interest in the

[1]Reported in 104 P. (2d) 487.

property. The trial resulted in a decree dismissing the action, from which the plaintiff appealed.

The plaintiff, Hilja Aho, is a widow, and resides on a small ranch near Orchards, in Clark county. Heikki Romppanen was an unmarried man, and usually spent his summers in Alaska fishing. For some years, he resided with a married sister and her family, who lived in the same vicinity as the appellant. In the year 1932, previously having left his sister's home for reasons which are not material, he went to reside with the appellant and her family. From then on until 1936, he usually spent his winters with them, receiving his room and board. In 1936, having previously acquired a small tract of land nearby, he moved upon it. From the time he went to reside with the appellant and her family, he, at times during the winter season, spent months there. When he moved to the appellant's place, the evidence is that he was to pay for his room and board the sum of twenty-five dollars a month, the same as he had been formerly paying his sister. None of this was, however, ever paid.

When Romppanen was at the appellant's home, he did work about the place, for which he received no compensation. In 1934, he drew, in his own handwriting, in Finnish, an instrument which he designated as a testament. This instrument provided that, upon his death, the appellant should receive his property. The instrument, however, was not executed in the manner required by the laws of this state. He placed the instrument, together with some other papers, in the hands of the appellant.

August 25, 1938, Romppanen died. He became ill a few days before and was taken to the appellant's home, where he passed away. After his death, the father of the two nieces, Irja Blum Cowan and Miriam Blum, went to the home of the appellant, asked to see some

papers, and the testament was shown to him, together with the others. After looking it over, he destroyed it, saying that it was of no validity. Whether it was destroyed with the consent of the appellant, the evidence is in dispute. But that is wholly immaterial. The mother of the deceased, who resided in Finland, was his only heir, and she subsequently conveyed the property to the two nieces mentioned.

The theory of the action was that there was an agreement between the deceased and the appellant that he should have his room and board, in consideration of which he would leave his property to the appellant. The question is whether the evidence is sufficient to establish such an agreement.

In order to establish an agreement of that kind, it is necessary that an oral promise to make a will or an oral contract to devise or bequeath property must be established "by evidence that is conclusive, definite, certain, and beyond all legitimate controversy." *Resor v. Schaefer*, 193 Wash. 91, 74 P. (2d) 917. The other holdings of this court to the same effect are cited in the opinion in that case and need not be repeated here.

The direct evidence in this case as to the alleged agreement was largely given by a son of the appellant. Other witnesses testified to facts and circumstances most of which had little, if any, bearing on the vital issue in the case. The evidence is indefinite as to whether the deceased intended to give all of his property to the appellant or only the real estate. It was further indefinite, in that it failed to show whether she agreed to furnish him a home for the remainder of his life, and the circumstances do not indicate such an understanding. That he intended to leave his property to the appellant is clear, but mere intention does not meet the requirements of the rule above stated.

It would serve no useful purpose to review the au-

thorities upon which the appellant relies, because every case of this kind must necessarily rest upon its own particular facts and circumstances. Neither would it be helpful to review the evidence in detail. It is sufficient to say that, after reading and considering all the evidence, we are of the view that it falls far short of meeting the requirements of the rule that it must be conclusive, definite, certain, and beyond all legitimate controversy.

The decree appealed from will be affirmed.

BLAKE, C. J., MILLARD, ROBINSON, and SIMPSON, JJ., concur.