[No. 27914.  Department One.  August 28, 1940.]

AGNES RACKETT, *Appellant,* v. JACK RACKETT, *Respondent.*[1]

[1]Reported in 105 P. (2d) 22.

*A. C. Clausen,* for appellant.

*M. E. Mack,* for respondent.

BLAKE, C. J.—Plaintiff brought this action for divorce on the ground of cruelty. To her amended complaint, defendant put in a general denial. The trial court entered judgment dismissing the action, from which plaintiff appeals.

Respondent has moved to strike the statement of facts and affirm the judgment on the ground that the statement of facts was certified *within ten days after it was served and filed.* From the record, it appears the statement of facts was filed on December 5, 1939. On the same day, appellant's counsel gave notice to respondent's attorney that he would call the statement up for certification on December 9th. In his affidavit in support of the motion to strike, respondent's counsel avers

"That the respondent did not appear in response to said 'Notice' on the 9th day of December, 1939, and the lower court did, on the 9th day of December, 1939, certify the 'Statement of Facts,' . . . "

Respondent's counsel, however, was there when the statement was certified, and he does not deny the following averment contained in the affidavit of appellant's counsel in resistance to the motion to strike:

"That upon the Motion to Certify the Statement of Facts aforesaid being reached, the said Judge asked appellant's said attorney if there were any objections to the certifying of said Statement of Facts, to which said attorney replied there had not been any objections made, whereupon the said attorney for respondent, M. E. Mack, appeared in person and being asked the same question by appellant's said attorney and in the

presence of said Judge, the Honorable William A. Huneke, replied that he had *not*; . . . "

Nor did respondent propose any amendments to the statement of facts at that time or at any time. So respondent was not prejudiced by the certification of the statement before the expiration of the time within which he might have proposed amendments to it. Of a similar situation, the court, in *State ex rel. Fetterley v. Griffin,* 32 Wash. 67, 72 Pac. 1030, said:

"The waiving of time to propose amendments, and the consent of the state that the statement be signed without amendments, became as binding upon it as if ten days had elapsed with no amendments proposed, in which latter case it would, under the statute, have been 'deemed agreed to,' and should have been certified by the judge. The statement was therefore regularly settled and certified. In *State ex rel. Hersner v. Arthur,* 7 Wash. 358 (35 Pac. 120), this court declared that a statement of facts can only be settled in the manner prescribed by statute, and that a judge can only certify a statement in accordance with the direction of the statute. It was also declared that when no amendments are proposed, the statement being 'deemed agreed to,' the judge has no duty of investigation imposed upon him, and shall certify the statement as proposed."

The rule stated is not repudiated, but recognized, in *Costello v. Drainage Dist. No. 1,* 44 Wash. 344, 87 Pac. 513—a case upon which respondent particularly relies.

Being of the opinion that, under the facts above stated, respondent consented to the certification of the statement of facts on December 9th, the motion to strike is denied.

That appellant proved her allegations of cruelty, there can be no doubt. Indeed, the respondent implicitly admitted some of the charges. A witness called by appellant testified as follows:

"A. Mrs. Rackett showed me the black and blue spot that was on her leg. She also said that she had been thrown on the floor, and there were marks on her neck and her head was sore and had been sore the entire day. Mr. Clausen: Q. Did she say anything about who did it? A. Yes, sir. She said that her husband had done it. The Court: Q. And he was there present? A. Yes, sir, we were all three there. Q. What did he say? A. Later the same day while we were having our dinner at the table, this talk continued about the quarrel and he did say that he bumped her head on the floor to try to knock some sense in it."

We have been unable to find in the record any denial of these facts. Yet, at the close of the case, the court denied appellant a decree

" . . . upon the principle that he who comes into court must come with clean hands. The plaintiff in this case, by her own testimony, is guilty of such acts as violate that rule."

Doubtless, the court had in mind the defense of recrimination. That appellant did direct violent and opprobrious remarks at respondent, she admits. But, from our reading of the record, we think her conduct and epithets were provoked by his.

In any event, epithets, no matter how opprobrious, never justify an assault unless, in the light of some statute, they are intended to provoke the assault which follows. Restatement of the Law of Torts, § 69; 4 Am. Jur. 154, § 53.

By the same token, opprobrious words are insufficient to sustain the defense of recrimination against an action for divorce grounded upon cruelty by means of assault. Ill advised conduct, on the part of a wife, provoked by ill treatment, will not defeat her right to a divorce. *Denison v. Denison*, 4 Wash. 705, 30 Pac. 1100; *Briggs v. Briggs*, 56 Wash. 580, 106 Pac. 126; *Stolz v. Stolz*, 96 Wash. 227, 164 Pac. 920.

In taking this view, we have not overlooked Rem. Rev. Stat., § 2417 [P. C. § 8762]. If that statute, under any circumstances, could be held to justify an assault because of "word, sign or gesture" made by the person assaulted, it has no application here, because there is nothing in the record here to justify the inference that appellant directed epithets at respondent to "wilfully provoke" an assault.

The respondent suggests that plaintiff's (appellant's) action is barred by condonation of the assault to which we have alluded. The parties were married September 27, 1935. They have one child, born April 7, 1937. The parties separated in March, 1938, but resumed marital relations in October of that year. Shortly, they began to quarrel and indulge in the same sort of epithets toward each other as before the separation. Physical encounters also occurred. Respondent charges that appellant was the aggressor on at least one occasion. Be this as it may, the defense of condonation is not available to respondent under the circumstances. *Denison v. Denison, supra.*

We think, upon the record, the trial court erred in refusing to grant appellant a divorce and to make allowances to her for her own and the child's support. The parties have a small amount of community property consisting of household effects. This should be awarded to her. So, also, should she be confirmed in the ownership of such separate property as she was possessed of prior to her marriage. The respondent earns $135 a month. Appellant was employed as a waitress for ten or twelve years before her marriage and for a year and a half after. She has a substantial earning capacity herself. However, she is in need of a surgical operation to correct a condition resulting from the birth of the child. Considering the situation as it exists at the present time, we think that

a decree should be entered requiring respondent to pay to appellant thirty dollars a month for the support of the child and an additional twenty dollars a month as alimony for a period of two years.

The judgment is reversed, and the cause is remanded with directions to make findings and enter a decree in accord with the views above set out.

Costs on appeal will be assessed against respondent, included in which will be an attorney's fee of one hundred dollars in addition to the attorney's fee of twenty-five dollars allowed by statute.

MAIN, MILLARD, ROBINSON, and SIMPSON, JJ., concur.

