[No. 28759. Department Two. January 28, 1943.]

ERNEST DAU, *Respondent,* v. ROBERT PENCE, *as Administrator, Defendant,* THE STATE OF WASHINGTON, *Appellant.*[1]

[1]Reported in 133 P. (2d) 523.

*The Attorney General* and *Stanbery Foster, Assistant,* for appellant.

*Clyde H. Belknap,* for respondent.

BLAKE, J.—Plaintiff, Ernest Dau, brought this action against Robert Pence, as administrator of the estate of Elizabeth Sewell, for specific performance of an oral contract, alleged to have been made by decedent, to make a will devising all her property to him. The administrator answered by a general denial.

When the cause was called for trial, the state filed a motion for leave to intervene, supported by an affidavit of the chairman of the tax commission, alleging that Elizabeth Sewell died without heirs and intestate; and that, "in the event plaintiff herein is unable to secure a favorable judgment in this cause . . . [her] estate . . . will escheat to the State of Washington." An order granting the motion was entered without objection, and trial of the cause proceeded immediately, with counsel for the state actively participating throughout. The court entered findings to the effect that deceased had orally agreed with plaintiff to make a will devising all her property to him, and entered a decree for specific performance. The state and the administrator both gave notice of appeal. The latter's appeal, however, must be dismissed because of his failure to file an appeal bond within the five-day period required by Rem. Rev. Stat., § 1721 [P. C. § 7295].

Respondent moves to dismiss the state's appeal because of its failure to file a complaint in intervention. This motion is without merit. As we have seen, leave to intervene was granted without objection, and coun-

sel for the state participated in the trial—also without objection. The affidavit in support of the motion for leave to intervene contained a definite and adequate statement of the grounds upon which the state claimed the right to intervene. A formal complaint in intervention, so far as ultimate facts are concerned, could have contained no more. Under the circumstances, respondent, having proceeded to trial without objection, should not now be heard to complain of the state's failure to file a formal complaint in intervention after entry of the order granting it leave to intervene.

Respondent also moves to strike the statement of facts for the reason that it was certified and filed without due notice to him. While the certification and filing was irregular, respondent has made no showing of prejudice. He offered no amendments to the statement of facts, and makes no pretense that he would have offered any had it been regularly certified and filed. The motion to strike is without substance. *Rackett v. Rackett,* 5 Wn. (2d) 262, 105 P. (2d) 22.

On the merits: The respondent's position is that Mrs. Sewell agreed, in 1925, to make a will devising all her property to him in consideration of his taking care of her and looking after her property as long as she lived.

To establish a contract for testamentary disposition of property, it is necessary that the person asserting it show: (1) That the deceased agreed to make a will in his favor; (2) that the services contemplated as consideration for such agreement were actually performed; and (3) that such services were performed in reliance upon the agreement. *In re Stewarts' Estates,* 21 Misc. 412, 47 N. Y. Supp. 1065. That the services rendered by respondent for deceased from 1925 to the date of her death in 1941

afforded ample consideration for an agreement on her part to devise her property to him, there can be no doubt. The real questions are whether the evidence is sufficient to establish such an agreement on her part; and whether the services were rendered in reliance upon it.

Such an agreement "must be established by evidence that is conclusive, definite, certain, and beyond legitimate controversy." *In re Swartwood and Welsher Estates,* 198 Wash. 557, 560, 89 P. (2d) 203. Under this rule, much more is required to establish an agreement than mere expressions of intention by the deceased to make a will in favor of the person asserting the existence of such a contract. *Henry v. Henry,* 138 Wash. 284, 244 Pac. 686; *Wayman v. Miller,* 195 Wash. 457, 81 P. (2d) 501; *Aho v. Ahola,* 4 Wn. (2d) 598, 104 P. (2d) 487.

In the *Henry* case, the court said, p. 286:

"We are prepared to make, and are justified in making, a statement even more stringent than that, and to hold that one seeking to establish an oral contract, whereby property of the deceased is sought to be taken, must establish all the elements of the contract and a right to have it enforced beyond all reasonable doubt. Without such a rule, no estate of any considerable size is safe from claims that it has been devised and bequeathed by word of mouth."

As we view this record, the evidence falls far short of the requirements of this rule. At best, it can be interpreted merely as establishing an intention on the part of Mrs. Sewell to leave her property to respondent. There is abundant testimony of such expressions on her part as " 'If Ernest is with me when I die, I want him to have it [her property]' "; " 'When I die he gets everything I've got' "; "She said she was going to [make a will], and she said she had

spoken to Mr. Belknap about it"; and, on her death-bed, "she told me that she had arranged everything for him."

If such statements as these should be held sufficient to establish an agreement to devise property, the statute of wills would be of little force; furthermore, there is no proof that they were communicated to respondent or that he had any knowledge of Mrs. Sewell's expressed intention to devise her property to him. There is no evidence that the services were rendered by him in reliance upon any promise on her part to make a will in his favor. Indeed, there is most persuasive evidence to the contrary. Upon Mrs. Sewell's death, respondent petitioned for letters of administration upon her estate. He was appointed administrator, and qualified and acted as such for nearly three months. This course, it seems to us, is incompatible with the theory now advanced by him. In our judgment, the evidence fails to establish the elements necessary to consummate an oral contract for testamentary disposition of property.

Judgment reversed.

SIMPSON, C. J., BEALS, ROBINSON, and JEFFERS, JJ., concur.