290 P.2d 729

Martha Marie CARNAHAN, Appellant,

v.

Christian Paul CARNAHAN, Appellee.

No. 5966.

Supreme Court of Arizona.

Nov. 29, 1955.

Silver & Silver, and Jack A. Ettinger, Tucson, for appellant.

Barber, Lesher & Dees, Tucson, for appellee.

UDALL, Justice.

This is an appeal from an order denying defendant's motion to vacate a judgment theretofore entered in favor of plaintiff in a divorce action.

The record discloses these facts: on July 22, 1946, the plaintiff, Christian Paul Carnahan (appellee), filed a complaint for divorce against his wife, Martha Marie Carnahan (defendant-appellant), in which there was no specific allegation as to the statutory residence of plaintiff. The parties will be referred to as they appeared in the trial court, i. e. plaintiff and defendant. The complaint merely alleged that "plaintiff and defendant and each of them are residents of Pima County, Arizona". A decree of divorce dissolving the bonds of matrimony was entered on August 15, 1946. Apparently no court reporter was present at the trial as there is no transcript of the testimony before us. Inter alia this judgment recites:

> "* * * the defendant having been personally served with summons; and the time for answering the complaint herein having expired and her default having been duly entered, witnesses were sworn on behalf of the plaintiff and evidence introduced by plaintiff in support of the complaint; and the Court after considering all of the evidence finds that the allegations of the complaint are true; * * *."

No appeal was taken from this judgment, nor were any steps (of which the plaintiff was made aware) taken to vacate this judgment until the year 1954, when defendant made a direct attack by filing a motion

in the original divorce proceeding to vacate the judgment, basing it upon two grounds, viz.:

1. "An examination of the Complaint and the Judgment shows that the Court did not have jurisdiction in the cause, there being no allegation and no finding that the parties to the action had been residents of the State of Arizona for one year, and of Pima County for six months, immediately preceding the filing of the Complaint."

2. (The second reason which charged fraudulent representations on the part of plaintiff has been abandoned.)

At the hearing on this motion counsel for defendant stipulated:

"* * * that Mr. Carnahan was actually a bona fide resident according to the terms and statutes as requiring residence in Arizona for a divorce decree. * * *"

Defendant took the position that the matter must be determined solely by what appeared, or failed to appear, upon the face of the complaint and judgment. She contended the stipulated fact that plaintiff was in truth possessed of the statutory residence requirements at the time the complaint was filed was of no moment and should not be considered by the trial court in determining her motion to vacate judgment. The trial court on May 6, 1954 denied the mo-

tion to vacate judgment and this appeal followed.

Section 27–803, A.C.A.1939, expressly provides that:

"An action for divorce shall not be maintained in court unless the plaintiff shall, at the time of filing the complaint, have been an actual bona fide resident of the state for one (1) year, and shall have resided in the county where the action is filed six (6) months next preceding the filing thereof."

The narrow problem presented by defendant's sole assignment of error and proposition of law raises the question as to whether the failure of the complaint to specifically allege the residence required under Section 27–803, supra, deprived the court of jurisdiction of the cause, and further, whether the judgment rendered on such a complaint, without an express finding by the court of statutory residence, is so fatally defective that it must be set aside for lack of jurisdiction. It is to be noted that basically it is an omission in the record the defendant is relying upon rather than a contention that the jurisdictional residence did not in fact exist.

■ This court with unanimity has consistently held:

"Under the statute, it is absolutely essential before a person may lawfully file a complaint for a divorce that he shall ₀ have been an actual bona fide resident of the state for one year and of the county six months. * * *"

Wynn v. Wynn, 39 Ariz. 580, 8 P.2d 1081, 1082. See also, Chester v. Chester, 69 Ariz. 104, 210 P.2d 331; Clark v. Clark, 71 Ariz. 194, 225 P.2d 486. In the Arizona case of Schuster v. Schuster, 51 Ariz. 1, 6, 73 P.2d 1345, 1347, in denying a collateral attack upon a judgment in a divorce case we laid down this rule:

"The superior court of Maricopa county unquestionably had the power, by its general jurisdiction, to try and determine divorce cases, and to render in such cases judgments settling both the right of divorce and the property rights of the parties. Whether such judgment was correct on the facts, or whether it was based on a valid complaint, is not a question of a lack of jurisdiction, but of the exercise of jurisdiction."

We have never had occasion to decide the precise question here presented, viz.: whether insufficient allegations of residence are a jurisdictional defect. There is some authority for such a contention. The defendant relies upon the following statement in 17 Am.Jur., Divorce and Separation, section 299:

"Where, as is usually the case, the statutes require that the plaintiff shall have been a resident of the state for a specified time to authorize the court to entertain jurisdiction of the action, the petition or complaint must, *as a general rule*, contain an allegation showing the residence of the plaintiff within the state for the period required by the divorce statute; without such an averment the court has no jurisdiction of the cause." (Emphasis supplied).

See also: 27 C.J.S., Divorce, § 107(b). However, we think it is clear from the cases cited thereunder that this is too broad a rule to govern in determining untimely motions—such as this—to vacate a judgment for lack of jurisdiction. Once judgment has been entered by a court of general jurisdiction a presumption of regularity attaches thereto, forcing the attacking party to overcome it by affirmative proof to the contrary. In 27 C.J.S., Divorce, § 169(c), under the heading of jurisdictional defects, this statement appears:

"The presumption is, however, that judgments of superior courts of general jurisdiction were regularly rendered, even though the record does not disclose that the court acquired jurisdiction, and the fact that there was no *allegation or finding as to plaintiff's residence* is not ground for setting aside the decree after expiration of the time for appeal." (Emphasis supplied.)

Cited in support of this text statement is the somewhat similar case of Faulkner v. Faulkner, 90 Wash. 74, 155 P. 404, 406, from which we quote:

"The appellant further contends that the decree is void and should be set

aside because of the defects appearing on the face of the record. These consist, as we have noted, of a want of an allegation and finding that the plaintiff was a resident of the county of Pierce at the time of the commencement of the action, and a want of the finding of the specific facts upon which the decree was rested. But, while these omissions from the record would have been sufficient to warrant the reversal of the decree on an appeal therefrom (Ramsdell v. Ramsdell, 47 Wash. 444, 92 P. 278), they are not sufficient to require its vacation by petition after the time for an appeal has expired. The decree is voidable only, not void, and vacation by petition is a remedy applicable only to extraneous matters, not to set aside a judgment because merely erroneous as a matter of law."

That decision is cited with approval by the Fourth Circuit Court of Appeals in the case of Cole v. Blankenship, 1929, 30 F.2d 211. Cf. Kennedy v. Kennedy, 223 Mo.App. 1116, 23 S.W.2d 1089; Robin v. Robin, Tex.Civ.App., 106 S.W.2d 1082. We are of the opinion that these authorities are persuasive in support of our sustaining the lower court's denial of the motion to vacate judgment. The presumption of regularity is not here challenged. Furthermore the presence of the fact of residence upon which the court's jurisdiction rested is established by the admission of defendant.

Thus it cannot be said on the face of the whole record that the court lacked jurisdiction to enter the divorce decree herein challenged.

■ The distinction to be made is between a record on the face of which lack of jurisdiction is apparent and one which is silent or incomplete as to some jurisdictional fact. In the latter instance the mere absence from the record of necessary jurisdictional facts will not overcome the presumption of jurisdiction. Freeman on Judgments, 5th ed., vol. 1, sec. 383.

■ We do not want it to be understood by anything said in this opinion that we approve of the loose pleading found in the complaint in question. In that respect we adopt this pronouncement of the Missouri court in the Kennedy case, supra [223 Mo. App. 1116, 23 S.W.2d 1092]:

"Doubtless it is the better practice to plead all of the jurisdictional facts and preferably in the language of the statute conferring such jurisdiction, but, where there is an allegation, though faulty, we must, in the light of cases heretofore referred to, presume that the court had before it facts which authorized the entry of the decree, unless a showing is made that facts did not exist which would sustain a finding essential to the granting of the decree."

In fairness it should be noted that none of the attorneys appearing in this court on the

appeal had anything to do with the trial of the divorce suit.

The order of the lower court is affirmed.

LA PRADE, C. J., and WINDES, PHELPS and STRUCKMEYER, JJ., concur.