[No. 34293. Department Two. February 20, 1958.]

VERA SCHMIDT, *Appellant,* v. RICHARD ANTHONY SCHMIDT, *Respondent.*[1]

[1]Reported in 321 P. (2d) 895.

*Peyser, Cartano, Botzer & Chapman,* for appellant.

*Patrick H. Shea,* for respondent.

HUNTER, J.—This is an action for divorce, instituted by Vera Schmidt, against her husband, Richard Anthony Schmidt, on the grounds of cruelty.

The parties were married for twenty-one years. One daughter and one son were born of this marriage, and their ages were fifteen and thirteen years, respectively, at the commencement of this divorce action in September, 1956. Financially, the marriage was a success, the parties having accumulated an estate of the approximate value of one hundred fifty thousand to one hundred seventy thousand dollars. Their prosperity, however, was not conducive to happiness at all times. Both parties drank to excess. On occasion, they used rough and profane language toward one another and, in the later years of their marriage, supplemented words with physical violence.

Shortly after one of the assaults complained of, the plaintiff separated from her husband and commenced this action for divorce. The husband contends that his acts were (1) justified and provoked, (2) the parties were equally at fault and guilty of similar acts of misconduct.

During the trial, the evidence revealed that the parties were guilty of committing assaults, each upon the other, the most serious encounter being graphically described by the husband himself when he testified as follows:

"I says: 'If you don't,' I says, 'I am going to kill you' . . . and I got her down on the bed. There was some

tearing and hair pulling, and I slapped her this way a few times (indicates)—never with my fist but just like that (indicates). 'Well,' I said, 'I am going to kill you.' So I got her down on the bed and I put my fingers around her neck this way (indicates), but I didn't put any pressure on her neck here; I just held her."

At the conclusion of the trial, the court found, in part, as follows:

"That the defendant has struck the plaintiff, not with his fist but open palm, across the face of the plaintiff, but only after plaintiff had first slapped, cursed, and spit on defendant. Both parties have been guilty of using threatening and vulgar language towards the other."

From its findings, the court concluded in paragraph No. 1 of its conclusions of law:

"That the plaintiff's charges are without legal foundation and although defendant has threatened and struck the plaintiff, it was only upon being provoked into doing so by the plaintiff, and further, that the plaintiff has been more guilty of committing the acts that she complains of the defendant than is the defendant."

Judgment was entered denying a divorce, and this appeal followed.

It is contended by the appellant that the trial court erred in its denial of her divorce. The appellant must prevail, unless the doctrines of "provocation" and "recrimination," raised by the respondent to support the judgment, can be applied.

The respondent relies on *Rackett v. Rackett*, 5 Wn. (2d) 262, 105 P. (2d) 22 (1940), in his assertion that the slapping of his wife was justified, in that he was provoked by her conduct. We did say in that case:

"In any event, epithets, no matter how opprobrious, *never justify an assault unless, in the light of some statute, they are intended to provoke the assault which follows.* Restatement of the Law of Torts, § 69; 4 Am. Jur. 154, § 53.

"By the same token, opprobrious words are insufficient to sustain the defense of recrimination against an action for divorce grounded upon cruelty by means of assault. Ill advised conduct, on the part of a wife, provoked by ill treatment, will not defeat her right to a divorce. *Denison*

*v. Denison,* 4 Wash. 705, 30 Pac. 1100; *Briggs v. Briggs,* 56 Wash. 580, 106 Pac. 126; *Stolz v. Stolz,* 96 Wash. 227, 164 Pac. 920." (Italics ours.)

We then referred therein to Rem. Rev. Stat., § 2417 [cf. RCW 9.11.050] which provides:

"Every person who shall by word, sign or gesture, willfully provoke, or attempt to provoke, another person to commit an assault or breach of the peace, shall be guilty of misdemeanor."

and stated:

"In taking this view, we have not overlooked Rem. Rev. Stat., § 2417 [P. C. § 8762]. If that statute, under any circumstances, could be held to justify an assault because of 'word, sign or gesture' made by the person assaulted, it has no application here, because there is nothing in the record here to justify the inference that appellant directed epithets at respondent to 'wilfully provoke' an assault."

■ In the case at bar, neither the record nor the findings of the trial judge support the conclusion that the appellant directed her conduct toward the respondent to "willfully provoke" an assault upon her. In any event, this section of the statute does not hold that a person so provoked would be justified in committing the assault. Under the present facts, the only justification for an assault would be on the grounds of self-defense, and then the husband could use only such force which to him would seem reasonably necessary, as a prudent man acting under similar circumstances, to protect himself from injury. See *Robison v. LaForge,* 175 Wash. 384, 27 P. (2d) 585 (1933); *State v. Miller,* 141 Wash. 104, 250 Pac. 645 (1926); 6 C. J. S. 809, 812, § 18(3); 4 Am. Jur. 147, § 38.

■ We do not question the finding of the trial judge that the ill-advised conduct of the wife provoked the husband into the use of the physical force invoked upon her. However, it was incumbent upon the husband to restrain himself to avoid the commission of any assault upon his wife, unless reasonably necessary for his own protection. It is proper to consider the strength of the husband as com-

pared to the wife in making this determination. In 4 Am. Jur. 156, § 56, we find the following statement:

"An assault and battery upon a woman may be justified on the ground of self-defense if no more force was used than was reasonably necessary, but the use of excessive force defeats the plea of justification. There is, however, this difference—namely, that force which might not be excessive if used toward a man may be excessive if used toward a woman; or the manner of handling a woman might constitute excessive force where it would not if the assailed party were a man."

■ The record in this case discloses that the force exerted by the husband was more than necessary for his own protection. Moreover, a husband may not discipline his wife by use of physical violence, without his coming within the purview of our divorce statute authorizing a divorce on the grounds of cruelty. RCW 26.08.020 provides in part:

"Divorce may be granted by the superior court on application of the party injured for the following reasons:

" . . .

"(5) Cruel treatment of either party by the other, or personal indignities rendering life burdensome."

■ Recrimination, the second doctrine upon which the respondent seeks to support the trial court's judgment denying the divorce, was last stated by this court in *Hokamp v. Hokamp*, 32 Wn. (2d) 593, 203 P. (2d) 357 (1949). There we said:

"That doctrine is that a person seeking a divorce must be innocent of any substantial wrongdoing to the other party *of the same nature* as that of which complaint is made."

It follows that if the force used by the husband upon his wife was excessive and more than justified, as we have found in this case, the acts cannot be held similar within the contemplation of this doctrine.

We now agree with the thinking of the learned trial judge in his original observation when he said:

"I think our Supreme Court has said that a man has no

right to beat up his wife under any circumstances, and if he does it is grounds for divorce."

However, the final holding, contrary to his first conclusion, cannot be sustained upon any theory under the evidence in this record.

The appellant has requested that this court allow her attorney's fees on appeal in the sum of three thousand dollars. We have authority to allow reasonable attorney's fees on appeal under RCW 26.08.090 which provides in part:

"Upon any appeal, the supreme court may in its discretion award reasonable attorneys' fees to either party for services on the appeal, in addition to statutory costs."

■ In the exercise of our discretion, we must consider as primary factors, the need of the wife and the financial ability of the husband to respond. The wife is not entitled to free litigation, but where she is without funds, it is an abuse of discretion to deny her a reasonable award for attorney's fees. *Koon v. Koon*, 50 Wn. (2d) 577, 313 P. (2d) 369 (1957).

■ In this case, the need of the wife and the financial ability of the husband to respond have been clearly shown by an examination of the record. Considering further the circumstances incident to the preparation involved in the prosecution of this appeal, together with the substantial property rights of the parties, we believe two thousand dollars to be reasonable attorney's fees for this appeal, which will be a charge against the community property. Costs of this appeal not otherwise provided for by the lower court will also be allowed appellant.

The judgment is reversed, and the cause remanded with instructions to enter a decree granting the appellant a divorce on the grounds of cruelty and, further, for a determination of the questions of custody of the minor children and division of the property.

It is so ordered.

HILL, C. J., DONWORTH, ROSELLINI, and FOSTER, JJ., concur.