[No. 35346. Department Two. September 1, 1960.]

MIRIAM JUNTUNEN, *Respondent*, v. AARNE JUNTUNEN, *Appellant.*[1]

*Merges & Brain* (*Edwards E. Merges,* of counsel), for appellant.

*Campbell & Gober,* for respondent.

PER CURIAM.—The respondent brought this divorce action, under RCW 26.08.020(5), alleging cruel treatment and personal indignities rendering life burdensome. The trial court found:

"That the defendant has been guilty of cruel treatment toward the plaintiff; that he has struck the plaintiff, has called her a prostitute, has belittled her before the help employed in the nursing home in that he has called her a 'self-styled queen'; that he has written a disparaging letter about her to their daughter Ardell, has made false insinuations as to her mental condition, to plaintiff and daughter Marilyn, all of which has caused her to suffer mental

[1]Reported in 354 P. (2d) 916.

pain and anguish and has caused her to become extremely nervous and upset, and as a result thereof it is impossible for the parties to live together as husband and wife."

Appealing from the decree in favor of the respondent, the appellant challenges these findings. Our review of the record, however, discloses substantial evidence to sustain them.

Furthermore, the appellant did not deny that he had used physical violence against the respondent; these acts in themselves brought him within the purview of our divorce statute. *Schmidt v. Schmidt,* 51 Wn. (2d) 753, 321 P. (2d) 895.

The appellant urges that the respondent was precluded from obtaining a decree of divorce under the doctrine of recrimination. That doctrine is that a person seeking a divorce must be innocent of any substantial wrongdoing to the other party of the same nature as that of which complaint is made. *Schmidt v. Schmidt, supra; Hokamp v. Hokamp,* 32 Wn. (2d) 593, 203 P. (2d) 357.

There was evidence from which the court could well have determined that the actions of the respondent to which the appellant refers in support of his claim of recrimination, were provoked or justified—a determination which it apparently made in view of the finding that the respondent had not been guilty of cruel treatment of the appellant. In any event, the acts were not of the same nature as those of the appellant, which they must be if the doctrine of recrimination is to be applied.

The judgment is affirmed.