602 P.2d 845

**Emmett M. COSHATT and Carol J. Coshatt, husband and wife, Plaintiffs/Appellees,**

**v.**

**CALMAC MANUFACTURING CORPORATION, a New Jersey corporation, Defendant/Appellant.**

**No. 2 CA–CIV 3241.**

Court of Appeals of Arizona, Division 2.

Oct. 25, 1979.

**178**

Whitehill, Berger, Karp & West, P.C. by J. Phillip Holcomb, Jr., Tucson, for plaintiffs/appellees.

Lesher, Kimble & Rucker, P.C. by Stephen H. Lesher, Tucson, for defendant/appellant.

## OPINION

HOWARD, Judge.

■ Before entering a default judgment against a non-resident corporation, must the trial court make an express determination in the record that the exercise of jurisdiction is "fair"? We find the answer to this question to be in the negative and affirm.

Appellees' claims for relief against appellant were stated in three counts, breach of express warranty, breach of implied warranty and strict liability. The complaint also alleged that the appellant was doing business in Arizona. When appellant, after being served failed to answer, appellees obtained a default judgment for $17,624.83. More than six months later, appellant moved to set aside the default judgment alleging, inter alia, lack of jurisdiction over appellant. The trial court, after hearing the motion to set aside and reading the affidavits on file, found that it was fair for the court to exercise jurisdiction over appellant and denied the motion to set aside the default judgment.

■ Appellant's main contention is the trial court had to make a determination of "fairness" before it had jurisdiction to render a default judgment.[1] Appellant has

cited no authority for this position and we know of none. In *Carnahan v. Carnahan*, 79 Ariz. 371, 290 P.2d 729 (1955) the defendant tried to set aside a divorce decree obtained by default on the ground that the complaint failed to state the statutory residence requirement thus rendering the judgment void. The Supreme Court affirmed the trial court's refusal to set aside the decree. We believe the Supreme Court's reasoning in *Carnahan* is applicable here. Once a judgment has been entered by a court of general jurisdiction a presumption of regularity attaches thereto, forcing the attacking party to overcome it by affirmative proof to the contrary. The presumption is that judgments of superior courts of general jurisdiction are regularly rendered even though the record does not disclose that the court acquired jurisdiction and the fact that there was no allegation or finding as to a jurisdictional requirement is not grounds for setting aside the judgment after the expiration of the time for appeal. The distinction to be made is between a record on the face of which lack of jurisdiction is apparent and one which is silent or incomplete as to some jurisdictional fact. In the latter instance the mere absence from the record of necessary jurisdictional facts will not overcome the presumption of jurisdiction. *Carnahan v. Carnahan*, supra.

■ Appellant contends that even if the trial court had jurisdiction to enter a default judgment it abused its discretion in not setting aside the default judgment and in determining that the exercise of jurisdiction by the Arizona court over appellant was "fair" because there was nothing in the record as to the nature and size of appellant's business or as to the economic independence of the appellees. We first point out that these factors are not exhaustive and other factors are to be taken into consideration. See *Phillips v. Anchor Hocking Glass Corporation*, supra. See also, *Woods*,

1. See *Phillips v. Anchor Hocking Glass Corporation*, 100 Ariz. 251, 413 P.2d 732 (1966) for what the court should take into consideration in determining whether it is fair to exercise jurisdiction. See also, *Woods, Tennoyer's Demise: Personal Jurisdiction After Shaffer and Kulko and a Modest Prediction on World-Wide Volkswagen Corp. v. Woodson*, 20 Ariz.L.Rev. 861 (1978).

supra. Appellant's argument ignores the fact that the burden of proof was on the appellant. We are unable to find anything in the record which shows that the trial court abused its discretion in coming to its conclusion.

Affirmed.

RICHMOND, C. J., and HATHAWAY, J., concur.